GULF, COLORADO & SANTA FE RAILWAY CO. v. ALICE JOHNSON
AND ROGERS JOHNSON.

No. 638.—Decided March 21, 1898.

**1.  Injury to Minor—Damages—Disability During Minority.**
In a suit for personal injuries to a minor having a parent living, an instruction which authorizes recovery of damages for impaired capacity to earn money during his minority was erroneous.   (P. 572.)

**2.  Same—Charge—Presumption.**
Such charge, being erroneous, is presumed to have been injurious to defendant. (P. 572.)

**3.  Same—Effect of Other Charges.**
The presumption that such erroneous charge was injurious is not removed, nor can it be presumed that the jury took such charge to refer to the period after minority only, from the fact that the case was consolidated and tried with an action by the mother for damages to her from the injury to her son, and that the instructions as to that branch of the case authorized her to recover for the son's diminished earning power during minority.   (Pp. 572, 573.)

**4.  Charge—Pleading and Evidence.**
A charge submitting the liability of a railway company for negligence in failing to sooner discover a boy upon the track at a crossing, was improper, in the absence of either pleading or evidence presenting that issue.   (Pp. 573, 274.)

**5.  Charge—Stating Issues.**
The court should not, in stating the case, present an issue made by the pleadings, but on which no evidence tending to establish it has been introduced; but it may not be reversible error so to do.   (P. 574.)

ERROR to the Court of Civil Appeals for the Third District, in an appeal from Bell County.

Alice Johnson brought separate suits; for herself, and as next friend of her minor son Rogers Johnson, for damages to each respectively by personal injury to the son. The suits were consolidated, tried together, and she recovered upon both branches of the case. The railway company, defendant, appealed, and, on affirmance, procured writ of error.

*J. W. Terry* and *Chas. K. Lee,* for plaintiff in error.—The trial court erred in his charge to the jury on the measure of damages on behalf of the minor plaintiff, Rogers Johnson, in not limiting the recovery, in so far as his impaired condition or capacity to earn money or pursue an occupation was concerned, to the period after he should have attained his majority. Railway v. Miller, 51 Texas, 270; Railway v. Cook, 33 S. W. Rep., 889; Railway v. Brock, 31 S. W. Rep., 500.

The court erred in submitting to the jury in his statement of the issues of the case the issue as to whether the defendant's employes operating the train of cars in question were unskilled and inexperienced, such issue being repeatedly referred to in the statement of the issues of the case. Barkley v. Tarrant County, 53 Texas, 257; Ins. Co. v. Hazelwood, 75 Texas, 348.

The court erred in submitting the issue as to negligence of defendant's agents in failing to discover the boy upon the crossing. Railway v. Rowland, 38 S. W. Rep., 756; Railway v. Tierney, 72 Texas, 312; Williams v. Conger, 49 Texas, 602; Railway v. Gilmore, 62 Texas, 391; Railway v. Kuehn, 70 Texas, 582; Dillingham v. Brown, 17 S. W. Rep., 45; Hampton v. Dean, 4 Texas, 455; Lee v. Hamilton, 12 Texas, 413; 1 White & W., C. C., secs. 896, 297, 299; Loving v. Dixon, 56 Texas, 75; Railway v. Robinson, 73 Texas, 277; Railway v. Simcock, 81 Texas, 503; Railway v. Measles, 81 Texas, 474; Railway v. Rider, 62 Texas, 270; Austin v. Talk, 20 Texas, 164; Andrews v. Smithwick, 20 Texas, 111; Markham v. Carothers, 47 Texas, 22; Railway v. Faber, 63 Texas, 344.

*Moffatt & Anderson* and *A. M. Monteith,* for defendants in error. — The charge of the court taken as a whole is substantially correct, and if any part of the same taken separately is improper, it would not be sufficient cause for reversal, unless it should also appear from the statement of facts that the jury may have been misled. Railway v. Boozer, 70 Texas, 535; Railway v. Brazzil, 78 Texas, 314; Ayers v. Harris, 64 Texas, 304; Bell v. Martin, 28 S. W. Rep., 109; Telegraph Co. v. Motley, 87 Texas, 38; Railway v. Smith, 65 Texas, 170; Railway v. Styron, 66 Texas, 427; Rost v. Railway, 76 Texas, 171.

The court, in effect, instructed the jury that for the period intervening between his injury, until the time that he should attain his majority, that the mother, Alice Johnson, would be entitled to the value of his services. This, defendants in error contend, is a reasonably certain instruction to the jury not to allow this same recovery, for services, to the son, during his minority; and the common sense and fair discretion

which is fairly presumed to be possessed by jurymen excludes the
idea, when one class of damages is recovered by one plaintiff in her
own separate right, that it could also be recovered by another plain-
tiff in his own separate right, which would be a clear case of a defend-
ant paying twice for the same injurious act; and in this case the jury
considered the cases separately in favor of Alice Johnson and Rogers
Johnson, and returned separate verdicts in each case, which required a
separate consideration of the damages each was by the law, and also
in accordance with the dictates of reason and justice, entitled to re-
cover.

The plaintiff in error in this cause does not present its cause in a
favorable light to obtain relief because of any defects or uncertainties
in the charge, unless such charges taken as a whole authorized the jury
to find double damages,—said defendant having wholly failed to re-
quest any special instructions limiting such general charges and making
the same applicable to the different phases of the case. Railway v.
Boozer, 70 Texas, 535; Railway v. Gay, 86 Texas, 609; Burnham v.
Logan, 88 Texas, 1; Cook v. Wooters, 42 Texas, 296; Milmo v.
Adams, 79 Texas, 530; Shilling v. Shilling, 35 S. W. Rep., 420; McDon-
ald v. Railway, 86 Texas, 14, Ford v. McBryde, 45 Texas, 498; Rob-
inson v. Varnell, 16 Texas, 387; Smyth v. Caswell, 67 Texas, 574;
Hays v. Hays, 66 Texas, 610; Ford v. McBryde, 45 Texas, 498; Rail-
way v. O'Donnell, 58 Texas, 28; Railway v. Casey, 52 Texas, 124;
Half v. Curtis, 68 Texas, 644; Railway v. Leak, 64 Texas, 659; Belo
v. Wren, 63 Texas, 727; Heiligmann v. Rose, 81 Texas, 224; Cushing
v. Smith, 43 Texas, 267; Beazley v. Denson, 40 Texas, 433; Farquhar
v. Dallas, 20 Texas, 200.

As to the presumption indulged by the court as to the intelligence of
the jury. Brunswig v. White, 70 Texas, 504.

BROWN, Associate Justice.—On the 20th day of June, 1895,
Alice Johnson filed a petition in the District Court of Bell County
against the Gulf, Colorado and Santa Fe Railway Company, in which
she sought to recover of the railroad company damages for injuries
alleged to have been inflicted upon her minor son, Rogers Johnson, who
was alleged to have been six years old when injured. It was alleged
that by reason of the injuries the son lost one foot which disabled him
for labor. The petition set up the particular acts of negligence which
caused the injury in the following language: "That the car of defend-
ant which caused the said injury had been backed with great rapidity
by the defendant's engine, and was then cut loose from the engine
without any person to control the same, and was run into the said cros-
sing with great force and rapidity, without any kind of warning what-
ever either by ringing a bell, sounding a whistle, or otherwise; that the
employes of the defendant who were operating said engine and cars
were wholly inexperienced; that they were without skill; that they were
careless and negligent and were known to defendant, its officers and

agents, to be such at the time and prior to the time when the said accident occurred." The injury was alleged to have occurred at a crossing on the defendant's railroad in the town of Temple.

On the same day Alice Johnson, as next friend of Rogers Johnson, her minor son, filed a petition in the same court, seeking to recover against the defendant, on behalf of the minor, damages for the same injury, and in that petition the allegations of negligence were practically the same as in the petition in the suit of Alice Johnson in her own right. At the suggestion of the defendant the two suits were consolidated and tried together. Verdict and judgment were rendered in favor of Alice Johnson for $2000 and in favor of Rogers Johnson for $5000, which upon appeal was affirmed by the Court of Civil Appeals for the Third Supreme Judicial District.

As a guide in determining the amount of the verdict for Rogers Johnson, the trial judge gave the following charge to the jury: "If you find for plaintiff, Rogers Johnson, say so by your verdict, and assess his damages at such an amount as the proof shows he sustained, and you are authorized to take into consideration such mental and physical pain and suffering and the nature, extent and probable duration of the injury, and his impaired condition or capacity to earn money or pursue an occupation." The proof showed that Roger Johnson, at the time of the injury, was ten years old. The charge authorized the jury to find in his favor damages that might accrue from his impaired condition or capacity to earn money or pursue an occupation, from the date of his injury, that is, during his minority, as well as thereafter. This was clearly erroneous, for the minor had no right to such recovery, as the evidence showed that he had a mother then living under whose control he was.

The charge being erroneous it is presumed to have been injurious to the interests of the defendant, and "in such case the duty does not devolve upon the party complaining to show that he was thereby injured, but upon him in whose favor the verdict was returned to show that the complaining party was not prejudiced by the error." G., C., & S. F. Ry. Co. v. Greenlee, 62 Texas, 349; Emerson v. Mills, 83 Texas, 388.

The trial court also gave the following charge upon the measure of damages in the case of Alice Johnson: "But if you should find that the son was injured as alleged and by and on account of the negligence of the defendant's employes, as alleged in her petition, without any contributory negligence either on her part or that of her said son, then you will find in her favor and assess her damages simply at the value of the services of the boy to her from the time of his injuries to the time he shall have arrived at the age of 21 years, and in making this estimate you must be governed by the testimony and your own judgment, common sense, and discretion. If you find for defendant, say so by your verdict."

The Court of Civil Appeals in passing upon the error assigned on the first charge quoted says: "We must assume that the jury who tried this case were men of ordinary intelligence, and such being the case we must

impute to them ordinary ability of discrimination.    The court in effect
tells the jury that during the period of minority of Rogers Johnson his
mother was entitled to the value of his services, and, when they were
authorized to consider his impaired condition and capacity to earn a
living on that branch of the case wherein his mother sought to recover
damages for him, the jury must have understood, as men of ordinary
intelligence, that the impaired capacity to pursue an occupation or to
earn a living did not embrace the period of time which they were just
told the mother in her own right could recover for." If we admit the
soundness of this position it affords no certain ground upon which to
base the conclusion that the jury did not in fact allow to Rogers John-
son compensation for his inability to labor and to pursue any occupa-
tion during his minority.    It is not enough that the records show that
the jury ought not to have allowed compensation to both mother and son
for the same time, or that they might not have done so, but it must ap-
pear affirmatively that the erroneous charge did not lead the jury to
give compensation to each of them for the disability during minority.
In order to reach the conclusion with any degree of certainty that the
jury did not follow the erroneous charge of the court in assessing the
damages in favor of Rogers Johnson, we must not only credit them with
being men of ordinary intelligence, but we must assume that, from their
own knowledge of the law and a superior discrimination, they placed a
limitation upon the right of Rogers Johnson which was not expressed in
the charge of the court, and could only be arrived at by implication
arising upon another charge, applicable to the rights of the mother
alone.

It is possible—we doubt, however, it is probable, and we feel sure
that it is not at all certain—that the jury did disregard the charge of
the court and find such a verdict as the law required of them under the
facts of the case, but uncertainty with regard to their action is fatal to
this judgment.

When a positive error has been committed the court cannot enter into
speculation as to what conclusions the jury may have arrived at, in
order to avoid the force and effect of such error upon a verdict, and
more especially is this true in a case like the present, where the law in a
large measure commits to the common sense and sound discretion of the
jury the amount to be assessed.    But in such a case the rule laid down
in the cases above cited must be enforced, and if it does not appear
from the record that the error was harmless the judgment based upon
such error must be reversed.    The District Court erred in giving the
charge complained of, and the Court of Civil Appeals erred in overrul-
ing the assignment based thereon.

The trial judge gave to the jury the following charge:    "If however
you believe the plaintiff—the boy—was on said crossing—if a crossing
as alleged—and employes of defendant, by the use of ordinary care, could
have discovered him in time to have prevented the injury, and failed by
reason of their carelessness and want of proper care to do so, and that

no injury would have resulted had said employes used the means in their power to prevent it, then it was their duty to prevent the injury, and their failure to do so was negligence." The issue presented by this charge is, could the employes of the defendant by the use of ordinary care have discovered the boy in time to prevent the injury, and did they, by want of proper care, fail to discover him, and if they had used proper care to discover him and had made use of the means in their power to prevent the injury, would it have occurred. The objection to this charge is that there was no evidence before the jury which tended to prove that the employes could have discovered Rogers Johnson upon the crossing in time to prevent the injury by any means in their power. We have carefully examined the statement of facts and find no evidence which tends to establish the proposition that defendant's servants who were operating the cars by which the injury was produced saw Rogers Johnson before the injury occurred, or that they could have seen him if they had exercised ordinary care in the discharge of their duties. Besides, we do not find any allegation in the petition which sets up this ground of negligence. It was therefore error for the court to give the charge to the jury.

The charge last quoted is the only one that submits to the jury any ground of recovery as against the defendant, and as the recovery of Mrs. Alice Johnson depends upon the right of Rogers Johnson to recover, the reversal of the judgment in his favor upon this ground must necessarily result in a reversal of the judgment in favor of his mother.

It is likewise complained by the plaintiff in error that the court, in stating the issues presented by the pleading, stated that the petition alleged that the defendants's servants were incompetent and careless, there being no evidence of this fact. We do not consider that this constitutes reversible error in this instance, but it is not proper for the court in making a statement of the case to present any issue unless it is set up in the pleadings and evidence tending to establish it has been introduced to the jury.

For the errors indicated the judgment of the District Court and of the Court of Civil Appeals are reversed and the cause remanded.

*Reversed and remanded.*