WESTERN UNION TELEGRAPH COMPANY V. A. P. GULICK.

Decided December 4, 1907.

**Telegram—Delay—Concurring Negligence.**

    In a suit against a telegraph company for delay in transmitting and delivering a message, it appeared from the evidence that if the message had been properly transmitted it could have been promptly delivered, but during the time it should have been received and the time it was in fact received at the town of its destination, the addressee left the town, thus causing still further delay in the actual delivery of the message; held that the defendant could not justify its negligent failure to perform its duty to properly transmit the message on the ground that some other cause concurred with its negligence in producing the total delay.

    Appeal from the Fifty-Seventh District Court, Bexar County. Tried below before Hon. A. W. Seeligson.

    *N. L. Lindsley, Webb & Goeth* and *Geo. H. Fearons,* for appellant.— If, subsequent to the original negligent act, a new cause intervenes, of itself sufficient to cause the misfortune, the former must be considered too remote; especially is this true when the intervening cause was not within the contemplation of the parties nor reasonably expected to have been foreseen. Seale v. Gulf, C. & S. F. Ry. Co., 65 Texas, 278; Texas & Pac. Ry. Co. v. Bingham, 90 Texas, 223; Cole v. German Sav. & L. Soc., 63 L. R. A., 416; Brandon v. Gulf City Mfg. Co., 51 Texas, 126; Bryant v. Burge, 3 Texas App., Civ. Cases, sec. 371.

    A telegram sent to one person in care of another is properly delivered to the person in whose care the message is sent, and such delivery terminates the liability of the telegraph company. Western U. Tel. Co. v. Barefoot, 97 Texas, 159; Western U. Tel. Co. v. Young, 77 Texas, 245; Western U. Tel. Co. v. Elliott, 7 Texas Civ. App., 486; Western U. Tel. Co. v. Terrell, 10 Texas Civ. App., 62.

    When it appears from the undisputed evidence that an injury is not the proximate cause of the negligence of the telegraph company, but that such injury arose from causes over which the company had no control, it becomes the duty of the court to direct the jury to return a verdict in favor of the telegraph company. Western U. Tel. Co. v. Andrews, 78 Texas, 305; Western U. Tel. Co. v. Birchfield, 38 S. W. Rep., 635; Western U. Tel. Co. v. Brisco, 47 N. E. Rep., 473; Gulf, C. & S. F. Ry. Co. v. Rowland, 38 S. W. Rep., 757; Joyce on Elect. Law, sec. 945, 816; 4 Am. & Eng. Ency., pp. 25-29; Western U. Tel. Co. v. Cooper (Texas), 10 Am. St. Rep., 773, note on proximate cause, p. 779; 36 Am. St. Rep., 808-815.

    The contract of a telegraph company to deliver a telegram in the care of a certain person at a designated town is fully discharged when the telegram is delivered to such a person at such place, and no obligation rests upon the company to deliver the message to the addressee who may be absent from such town at the time of the delivery of the message. Western U. Tel. Co. v. Swearingen, 95 Texas, 423; Western U. Tel. Co. v. Ayers, 41 Texas Civ. App., 627; Gainey v. Western U. Tel. Co., 48 S. E. Rep., 653; Western U. Tel. Co. v. Taylor, 3

Texas Civ. App., 310; Western U. Tel. Co. v. Mathews, 55 S. W. Rep., 427.

*R. L. Ball* and *F. J. Kearful,* for appellee.—The court did not err in refusing to direct a verdict in favor of the appellant, because the evidence was amply sufficient to warrant the finding that the negligence of the appellant was the proximate cause of the failure of the appellee to attend his son's deathbed at the time of his death. Western U. Tel. Co. v. Piner, 9 Texas Civ. App., 155, writ of error denied by Supreme Court; Western U. Tel. Co. v. De Andrea, 100 S. W. Rep., 977, 978; Lawrence v. Western U. Tel. Co., 95 S. W. Rep., 27; Western U. Tel. Co. v. Hamilton, 36 Texas Civ. App., 300; Loper v. Western U. Tel. Co., 70 Texas, 689, 693, 694; Erie Tel. Co. v. Grimes, 82 Texas, 89, 95; Western U. Tel. Co. v. Shaw, 33 Texas Civ. App., 395; Western U. Tel. Co. v. Hendricks, 68 S. W. Rep., 720; Western U. Tel. Co. v. Bryson, 61 S. W. Rep., 548; Gulf, etc., Ry. Co. v. Boyce, 87 S. W. Rep., 395, 397; Ray v. Pecos, etc., Ry. Co., 40 Texas Civ. App., 99; International & G. N. Ry. Co. v. Ormond, 64 Texas, 485, 489; Gonzales v. City of Galveston, 84 Texas, 3.

FLY, ASSOCIATE JUSTICE.—This is a suit for damages based on the negligence of appellant in failing to promptly deliver a message to appellee conveying information to him of the sickness of his son. The cause was tried by jury, and resulted in a verdict and judgment in favor of appellee for $750.

It appears from the evidence that a telegram was delivered by Joe Gulick, a son of appellee, to appellant in San Antonio, Texas, addressed to "A. P. Gulick, care of Sim Gulick, Sarcoxie, Missouri," as follows: "Come immediately. Jess is sick. Doctor went out this evening." Jess was a son of appellee, who was very sick with pneumonia near San Antonio, where appellee lived. Appellee was at the time on a visit to Sim Gulick, a brother, and other relatives in Missouri. The message to appellee was delivered to appellant about 1 o'clock p. m. on Sunday, January 3, 1906, but was not delivered to Sim Gulick, who lived in Sarcoxie, not more than three or four blocks from appellant's office, until 3:45 p. m. on January 4, 1906, more than twenty-six hours after it was delivered to appellant in San Antonio. It was shown that the message should have been delivered in about one hour. It did not reach the office of appellant in Sarcoxie until 8:50 a. m., January 4th, over nineteen hours after it had been received at San Antonio, and then was not delivered for nearly seven hours, although Sim Gulick lived in five minutes walk of the office, and was at home most of the day. If the message had been delivered to Sim Gulick on the afternoon of January 3, 1906, he would have conveyed its contents to A. P. Gulick by telephone, as he had arranged to convey any telegraphic messages to him during his absence from Sarcoxie. If the message had been delivered on January 3d, appellee would have reached the bedside of his son on Tuesday, and would have been with him for at least thirty-six hours before his death, which occurred at midnight on January 6, 1906. If the message had been delivered on January 4th to Sim Gulick, at any time before 2 o'clock

p. m., it would have reached appellee at such time that he could have left at 8 p. m., and have reached San Antonio at 11 p. m. on January 5th, at least twenty-four hours before his son died. Appellee, at 2:30 p. m. on January 4th, called at the telephone office, at the place where he had arranged for his brother to communicate with him, and, finding that there had been no call for him, went to a point twelve or fifteen miles further from Sarcoxie, which could not be reached, on account of the telephone being out of order at the latter place, and appellee did not learn about the telegram until 4 or 5 o'clock p. m. on January 5th, when he returned to the first place mentioned. After getting the message he returned at once to Sarcoxie and took the first train for San Antonio, arriving there about 11 o'clock a. m. on January 7th, about 12 hours after the death of his son. Appellee failed to reach the bedside of his son before his death on account of the negligence of appellant in failing to deliver the telegram on the afternoon of January 3d, or up to 2 o'clock p. m. on January 4th.

It follows from the foregoing conclusions of fact that the court did not err in refusing to instruct a verdict for appellant, as contended in the first, second, third and fourth assignments of error. There is no force in the contention that the negligence of appellant was not the direct, proximate cause of the failure of appellee to reach the bedside of his son, and it can not avoid the results of its gross negligence by the plea that appellee could not be reached by telephone when the message was delivered, more than twenty-four hours after it should have been delivered. If appellant had performed its duty appellee could have been reached, and it is directly responsible for appellee not being at the bedside of his dying son. No excuse is shown for the long delay in sending the message to Sarcoxie, and adequate efforts were not made to deliver it after it reached that point, and such negligence can not be excused by the fact that appellee was not accessible when Sim Gulick called at the office and got the message at 3:45 p. m. on January 4th. He was deprived of the consolation of being with his son at least thirty-six hours longer that he could have been with him had he left Sarcoxie on the night of January 4th, and appellant was directly responsible for that deprivation, if nothing more. The failure to promptly deliver the telegram was the proximate cause of appellee being unable to reach San Antonio until after the death of his son. Appellant's negligence actively aided and concurred in producing the result, and, in fact, the failure to reach San Antonio would not have occurred save for appellant's negligence. "An act may be a proximate cause without being the sole cause, the only requirement being that it is a concurring cause such as aided in producing the injuries." Shippers' Compress Co. v. Davidson, 35 Texas Civ. App., 558; Ray v. Pecos, etc., Ry., 40 Texas Civ. App., 99. As quoted in the Davidson case from an Indiana case: "Intervening agencies sometimes interrupt the current of responsible connection between negligent acts and injuries, but as a rule the agencies, in order to accomplish such result, must entirely supersede the original culpable act, and be in themselves responsible for the injury, and must be of such a character that they could not have been foreseen or anticipated by the wrongdoer. If it required both agencies to produce the result, or if both contributed

thereto as concurrent forces, the presence and assistance of one does not exculpate the other, because it would still be the efficient cause of the injury." The negligence of appellant was the efficient, moving cause of appellee's injury, and it can not justify its inexcusable failure to perform its duty on the ground that some other cause may have concurred with its negligence in producing the result. If that negligence deprived appellee of the consolation of being with his son for twelve or twenty-four hours, it was liable, even though appellee might had the telephone been in order, have reached his son a while before his death. Western U. Tel. Co. v. De Andrea (Texas Civ. App.), 100 S..W. Rep., 977.

It is clear from the testimony that, if appellee could have been reached by telephone, he could not have reached Sarcoxie, being thirty miles distant, in time to have taken any train earlier than the one on the morning of January 5th, and that he could not then have reached the bedside of his son until about twelve hours before his death. But for the negligence of appellant, however, he would not have been that far distant, but would have been easily accessible by telephone, and would have gone to his son on the night of January 3d, the morning of January 4th, or, at the furthest, on the night of January 4th. Such being the state of the evidence, the court did not err in refusing to submit the question of appellee's absence from the town of Sarcoxie as the proximate cause of his inability to reach the bedside of his son, as requested by appellant.

Appellant's negligence consisted in its failure to deliver the message to Sim Gulick, who lived in Sarcoxie, and the court very properly refused to instruct the jury about appellant not being required to deliver the message outside the town. No one is complaining because appellant did not know that appellee was not in the town, nor that the message was not delivered outside the town, but the complaint is of its conduct in taking about the same time in delivering a telegraphic message as it would have taken for the message to have gone by mail under favorable circumstances. The court also properly refused to instruct the jury that appellant's negligence would be excused by the fact that, if appellee had been accessible when the message was hunted up by Sim Gulick, he might have reached the bedside of his son before his decease. The negligence of appellant brought about the circumstances that rendered appellee inaccessible, and it would be a singular conception of justice that would excuse negligence by reason of circumstances produced by such negligence.

What has been herein written disposes of all the assignments of error, and the judgment will be affirmed.

*Affirmed.*

Writ of error refused.