## B. H. BLACK v. J. J. BROOKS.

Decided April 30, 1910.

**1.—Sale—Rescission—False Representation—Charge.**

A purchaser of land sought to rescind the purchase because of a false representation that a certain caved-in well on the premises had furnished water enough for several hundred head of cattle before it caved in and would do so again if cleaned out; the evidence showed that the purchaser had never

cleaned out the well and so had never tested it, but two witnesses testified from their personal knowledge of the well, that it did not furnish water for more than twenty-five or thirty head of cattle before it caved in. Held, the evidence warranted the submission of the issue of alleged misrepresentation concerning the well.

### 2.—Same—Material Representation.

The fact that the purchaser of land obtained from a new well dug by him all the water he needed for his purposes, would not render immaterial a false representation by the seller of the land that an old well on the premises had furnished ten times the quantity of water which had been obtained in the new well and would furnish as much water as ever if it was cleaned out. A well of large flow would necessarily add to the value of a place whether the present owner needed it or not.

### 3.—"Several"—"Two or Three"—Synonyms.

The use of the word "several" by the court in its charge when the witnesses had used the phrase "two or three" would not render the charge upon the weight of the evidence. The word and the phrase are practically synonymous.

### 4.—Rescission—Charge—Burden of Proof.

In a suit to rescind a purchase of land, charge considered, and held not subject to the criticism that it placed on the defendant the burden of refuting the allegations of fraud made the basis of the action. It must be presumed that the jury construed the charge as a whole.

### 5.—Charge—Preponderance of "Testimony" instead of "Evidence."

If a charge could ever be subject to criticism because it required a party to establish his case by a preponderance of the "testimony," instead of "evidence," such criticism is certainly without merit when all the evidence consisted of oral testimony.

Appeal from the District Court of Lynn County. Tried below before Hon. L. S. Kinder.

*G. W. Perryman, L. W. Dalton* and *W. J. Berne,* for appellant.

*Jas. R. Robinson,* for appellee.

DUNKLIN, Associate Justice.—J. J. Brooks purchased of B. H. Black a section of land in Lynn County. At the time of the purchase he paid one thousand dollars cash and executed several promissory notes in Black's favor for the balance of the purchase money, all secured by a vendor's lien on the land. Brooks then took possession of the property and placed thereon certain improvements. After cultivating it for one season he abandoned the land and removed therefrom the improvements which he had placed on it. He defaulted in the payment of the purchase-money note which matured first, and Black, having elected to rescind the transaction of sale, sued in trespass to try title to recover the land, and also to recover the value of the improvements which had been removed therefrom and mentioned above.

In his answer to plaintiff's petition Brooks, too, sought a rescission of the sale. He alleged that, in order to induce him to buy the land, Black had represented that a well on the land, which had then caved in, had furnished water for several hundred head of cattle, and would

furnish the same amount in the future if cleaned out, and that the land was free of blue weeds. Defendant alleged that said representations constituted a material inducement to the purchase, and but for the same he would not have purchased the land. He further alleged that said representations were false; that the well would not furnish water for more than twenty-five or thirty head of cattle; that blue weeds grew upon the land to such an extent as to materially interfere with crops planted thereon; that the market value of the land was much less than it would have been had such representations been true, and that he was ignorant of their falsity at the time of his purchase. By plea in reconvention based upon the alleged misrepresentations of Black, defendant Brooks sought to recover of Black one thousand dollars, the amount of cash consideration paid to Black at the time of the purchase.

Upon the trial, the jury awarded Black the land and two hundred dollars for the improvements which Brooks had removed therefrom, but at the same time awarded Brooks one thousand dollars, without interest, to be paid by Black for the purchase money which Black had received from Brooks, and judgment was rendered in conformity with the verdict.

The second paragraph of the court's charge reads: "You are further charged that if you believe and find from the evidence in this cause that, at the time the plaintiff sold the defendant the section of land mentioned, he falsely and fraudulently represented to the defendant that there was a caved-in well on said land which had, and would again when cleaned out, afford and furnish a sufficient quantity of water for several hundred head of cattle, and that said representation was material and relied upon by the defendant, you will find for the defendant, and so say by your verdict."

The evidence showed beyond controversy that defendant never cleaned out the well which had previously caved in, but dug another instead, which furnished water for only twenty-five or thirty head of cattle. Appellant insists that as the well was never cleaned out, and its capacity for furnishing water thus tested, there was no evidence to warrant the submission of the issue of alleged misrepresentation relative thereto, and that therefore the charge quoted was erroneous. A sufficient answer to this criticism of the instruction is that two witnesses testified that the well would not furnish water sufficient for more than twenty-five of thirty head of cattle before it caved in, and both these witnesses based their testimony upon their personal knowledge of the well while in use.

Another criticism of the instruction is that the misrepresentations submitted therein can not be made the basis of a recovery by defendant on his cross action, since he dug another well which furnished him a sufficient amount of water for his use. A well producing a sufficient amount of water for two or three hundred cattle certainly would render the land more valuable than a well producing only about one-tenth of that amount, and if defendant had owned no cattle at all, the fact that he did not need for his own use the amount of water represented would be no answer to the action to recover the consideration paid.

Appellant contends further that the use of the expression, "several hundred head of cattle," in the charge was upon the weight of the evidence, in that as the witnesses testified that Black represented the well as capable of furnishing water sufficient for two or three hundred head of cattle, but no witness testified that he stated it would furnish water for several hundred head. In the Standard Dictionary the adjective "several" is thus defined: "Being of an indefinite number, more than one or two, yet not large; divers, as, several visitors called today." According to this definition, "three hundred" would be properly included in the expression "several hundred;" and even under a strict interpretation of the language used by the court there is no merit in the criticism.

The fifth paragraph of the court's charge reads: "You are further charged that if you find and believe from the evidence in this case that the plaintiff, at the time he sold the section of land described, that he made no such representations as charged by the defendant in his answer; or if you should believe that the plaintiff made such representations as charged by the defendant, but such representations were not material, and were not relied upon by the defendant when he purchased the land, you will find for the plaintiff, and so say by your verdict."

Appellant insists that by this instruction the court imposed upon the plaintiff the burden of refuting the allegation of fraud made the basis of defendant's counterclaim, instead of placing upon the defendant the burden of establishing that allegation. The effect of the charge was to present the converse of the charge permitting a recovery by defendant if the jury should find that his allegation of fraud had been sustained. In another paragraph of the court's charge the jury were instructed specifically that the burden was upon the defendant to sustain said contention by a preponderance of the testimony, and that if he had failed so to do he could not recover on his counterclaim. It must be presumed that the jury construed the charge as a whole, and when it is so construed there is no reasonable ground for supposing that they placed the interpretation thereon suggested by appellant in the objection last noted.

The court charged, in effect, that the burden was upon the defendant to sustain his counterclaim by a preponderance of the "testimony." Appellant contends that the burden was upon defendant to establish his claim by a preponderance of the entire "evidence," and that the use of the term "testimony" in its stead was too restrictive. If this objection could ever be sustained in any case, it has no merit in the case at bar, in view of the fact that the entire evidence introduced consisted of testimony of witnesses while on the stand.

We have found no error in the judgment and it is affirmed.

*Affirmed.*

Writ of error refused.