MARSHALL & E. T. RY. CO. v. WALDROP et al.

(Court of Civil Appeals of Texas. Texarkana. Nov. 24, 1911. Rehearing Denied Dec. 7, 1911.)

1. TRIAL (§ 252*) — INSTRUCTIONS — APPLICABILITY TO FACTS.

A requested charge not correctly presenting the law applicable to the facts is properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 596; Dec. Dig. § 252.*]

2. TRIAL (§ 203*)—REFUSAL OF INSTRUCTIONS.

Where the court in submitting the case omitted any reference to one issue presented by the petition, and limited the consideration of the jury to other matters, in determining the liability of defendant, the refusal of a charge that plaintiff could not recover by reason of the matter so alleged was not reversible error.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 477–479; Dec. Dig. § 203.*]

3. TRIAL (§ 251*)—INSTRUCTIONS—ISSUES.

Where the petition sought a recovery for personal injuries received by a father and his two minor sons, and limited a recovery for loss of time to the time lost by the father, a charge allowing a recovery for any time lost by the father and the children was erroneous because a charge on issues not made by the pleading.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 587–595; Dec. Dig. § 251.*]

4. APPEAL AND ERROR (§ 1140*)—ERRONEOUS INSTRUCTIONS — CURING BY REMITTITUR — HARMLESS ERROR.

Where a petition by a father for himself and as next friend of two minor children sought a recovery for personal injuries sustained by them, and alleged damages for time lost by the father, and the jury found a verdict for each, the error in a charge authorizing a recovery for time lost by the father and the children could not be cured by a remittitur of sums awarded the children, since the error might have enlarged the verdict for the father.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 1140.*]

5. APPEAL AND ERROR (§ 187*)—MISJOINDER— OBJECTIONS IN LOWER COURT.

The objection that a petition embracing three distinct and independent causes of action for three separate persons sustaining personal injuries improperly joins causes of action can only be corrected on proper objection in the trial court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1185; Dec. Dig. § 187.*]

Appeal from District Court, Harrison County; W. C. Buford, Judge.

Action by E. E. Waldrop, for himself and as next friend of two minor sons, against the Marshall & East Texas Railway Company. From a judgment for plaintiffs, defendant appeals. Reversed and remanded.

F. H. Prendergast, for appellant. Beard & Davidson,. for appellees.

HODGES, J. E. E. Waldrop and his two minor sons, Clifford and Calvin, were injured while crossing the appellant's track in the city of Marshall. This suit was instituted by the father for himself and as the next friend of his two minor sons to recover damages for the injuries which all of them sustained. There was no pleading raising the question of misjoinder of causes of action and of parties, and a trial upon the merits resulted in a verdict in favor of Waldrop, Sr., for the sum of $2,500, and for $200 in favor of each of the minors. According to the evidence offered by the appellee, on the morning of the accident, they were traveling in their wagon along a public highway leading into the city of Marshall. When they reached a point about 20 or 25 feet distant from where the highway crossed the appellant's tracks, they discovered an engine within a few feet of the crossing on the west side, with its rear end

toward the east. They stopped their team at this point, but later, upon receiving a signal from one of the appellant's employés on the engine to proceed, they drove on and attempted to pass over to the opposite side. While doing this the engine was backed against the wagon, pushing it off the embankment upon which the road was constructed, and causing the injuries of which they here complain. The appellant offered evidence tending to show that there was in fact no collision between the wagon and the engine, but that the overturning of the wagon and the resulting injuries were caused by the team taking fright at the approach of the engine, and rushing over the embankment.

[1] Special charges Nos. 1 and 4, requested by the appellant, did not correctly present the law applicable to the facts, and were properly refused

[2] Special charge No. 2, which was also refused, requested that the jury be instructed that "the plaintiff cannot recover on any supposed defect in the construction of the approaches to the crossing on the wagon road. If the plaintiff recover, it must be on account of the other matters in evidence." In their petition the appellees have alleged that the appellant had negligently failed to restore the street and crossing at that point to its former state. It may be that under the facts of this case no injury would have resulted to the plaintiffs had this charge been given, but it can hardly be said, we think, that its refusal caused any to the appellant. In submitting the issues of fact upon which the plaintiffs might recover, the court omitted any reference to those presented in that portion of the pleadings charging negligence in the construction of the road and crossing, and, in effect, limited the consideration of the jury to other matters in determining the appellant's liability. The conditions which would make the giving of that charge essential to properly safeguarding the rights of the appellant did not exist, and there was no reversible error in refusing it.

[3] The tenth paragraph of the court's main charge contains the following: "If you find for the plaintiffs, or either of them, you may take into consideration the nature, character, and extent of the injuries that you may find from the evidence were sustained by plaintiffs, or either of them, as the direct and proximate result of defendant's negligence, if any, in the particulars above specified, and any physical pain, lost time, necessary medical attention, and medicine, if any, that you may find from the evidence has been suffered by the plaintiffs, or either of them, as the direct result of said injury and negligence, if any, and any diminished capacity to labor, if any, that you may find from the evidence has been suffered by plaintiffs, or either of them, as

the direct and proximate result of said injury and negligence, if any, and you will consider and determine by your verdict what amount of money, paid in cash now, will fairly and reasonably compensate plaintiffs for said injury, if any, and you will make the same the amount of your verdict. If you find for the plaintiffs, you will state in your verdict the amount you find for each of the plaintiffs separately." The complaint made of this charge is that there was neither pleading nor evidence to warrant a verdict for damages on account of any time lost by the minor plaintiffs. In the petition damages for lost time were limited to the time lost by Waldrop, Sr. There is no evidence that the boys lost any time. The verdict was general, and it is impossible for us to say that the instruction was not misleading. Giving a charge upon issues not made by the pleadings or the evidence has often been held sufficiently erroneous to justify a reversal of the case. T. & P. Ry. Co. v. McCoy, 90 Tex. 266, 38 S. W. 36; G., C. & S. F. Ry. Co. v. Rowland, 90 Tex. 369, 38 S. W. 758; Railway Co. v. Hannig, 91 Tex. 347, 43 S. W. 508; G., C. & S. F. Ry. Co. v. Johnson, 91 Tex. 569, 44 S. W. 1067; Texas-Mexican Ry. Co. v. Lewis, 99 S. W. 577; C., R. I. & G. Ry. Co. v. Forrester, 137 S. W. 162. In the McCoy Case cited above our Supreme Court said: "It has frequently been held reversible error to submit in a charge to a jury an issue not made by the evidence, unless it is clear that the jury was not misled thereby." In the Hannig Case the same court used this language: "The rule is that in such a case, in order to hold that the error does not require a reversal of the judgment, it ought clearly to appear that no injury could have resulted from the admission of the evidence." There are other decisions equally as explicit in holding that the submission of issues not made by the pleadings is reversible error unless it appears that no injury has resulted.

[4] Appellees. insist that this error, if it be one, may be cured in this court by requiring a remittitur of all that portion of the judgment awarding a recovery in favor of the two minors, or that, if this should not be done, the judgment in favor of E. E. Waldrop should be affirmed, and only that portion of the judgment reversed which awards a recovery in favor of the minors. We do not think that the situation produced by the erroneous charge is one which the law contemplates may be remedied by a remittitur. An inspection of the petition shows that there are embraced in this suit three distinct and independent causes of action in favor of three separate parties.

[5] There was no more propriety in joining those three parties in one suit than there would have been in so combining in the same suit an action by forty adults who may

have been injured by the same accident resulting from the negligence of the same party. The difficulty of charging properly upon the issues presented where such a situation exists, and the confusion likely to arise by the unnecessary and unauthorized combination of independent parties with independent suits in the same action, is well illustrated in the present case. The error, however, is one of procedure, which should have been corrected upon proper objection in the trial court, and is not one which may be here remedied in the absence ·of any objection seasonably presented. If the entire sums awarded in the judgment to the minors were remitted, we would still be unable to say that the error had been ·cured. The language of the charge authorized a recovery by E. E. Waldrop for any time which the minors may have lost, and the error, therefore, may have enlarged his judgment as well as that rendered in favor of his two sons.

While we do not feel disposed to reverse the judgment rendered in this case because of any other vice in the charge on the measure of damages, still we think it proper to say that upon another trial the court should make clearer the elements the jury should ·consider in assessing the amount of damages, and remove all danger of double damages.

For the error in giving the charge above referred to, the judgment of the district court is reversed and the cause remanded.