F. G. BARBER *v.* COUNTY COURT OF BROOKE COUNTY

(No. 7545)

Submitted October 18, 1933.   Decided October 31, 1933.

*Schmidt, Hugus & Laas* and *Russell A. Klieves,* for plaintiff in error.

*Walter E. Mahan* and *Abraham Pinsky,* for defendant in error.

LITZ, JUDGE:

This is a writ of error to the judgment of the circuit court of Brooke County refusing a peremptory writ of mandamus.

Relator, F. G. Barber, seeks by the writ to compel respondents, E. W. Pilchard, A. E. Barnett and William Leibfarth, members of the county court of Brooke County, and as such constituting the Board of Canvassers of elections thereof, to declare his election as a candidate for justice of the peace in Buffalo District of said county, according to a recount of the ballots cast for himself and other candidates for said office in the last general election.

The petition alleges that after respondents had canvassed the election returns for the two positions of justice of the peace in said district and announced the result thereof, but before completing their duties as required by law, relator demanded a recount of the ballots; that upon the recount of the ballots from precinct No. 7, and before the re-sealing thereof, he moved the exclusion of all said ballots on the ground that the names of both poll clerks thereon had been signed by one clerk; that notwithstanding the names of both poll clerks on all the ballots from said precinct had been in fact signed by one clerk, the motion was overruled, and 12 ballots claimed by relator from precincts Nos. 1 and 6 were improperly rejected; that according to the recount as ruled by respondents the four candidates for justice of the peace in said district received the following votes, to-wit: Leonard

Lenhart 1006, relator 1025, David Reece 1045, and Frank Sprowl 1045; that certificates of election were issued upon the completion of the recount, based upon the recount of the ballots from precincts Nos. 1, 4, 6 and 7, and the canvass of the ballots from precincts Nos. 2, 3 and 5, showing: 1041 votes for Sprowl, 1033 votes for Reece, 1019 votes for relator, and 1007 votes for Lenhart; that by rejecting the votes from precinct No. 7 and counting for relator the 12 ballots rejected from precincts Nos. 1 and 6 claimed by him, the recount of ballots from all the precincts would show: 866 votes for Lenhart, 923 votes for Sprowl, 953 votes for Reece, and 987 votes for relator, or a majority for Barber over Reece of 34 and a majority of Barber over Sprowl of 64. By rejecting 12 votes, claimed by Barber, from precincts Nos. 1 and 6, these majorities would remain 22 and 52, respectively.

Respondents, by answer, after admitting all other material averments of the petition, deny that they improperly rejected the twelve votes from precincts 1 and 6 claimed by relator, and that the names of the poll clerks to all of the ballots from precinct 7 were signed in the handwriting of only one clerk, and aver that "several" of the ballots from precinct 7 were (or "appeared to be") indorsed in the handwriting of both clerks.

Certified copies of orders of the county court exhibited with the petition follow: An order of November 14th, reciting the completion of the canvass and directing an adjournment to the following day "for the purpose of signing certificates of the canvass to be mailed to the secretary of state, speaker of the house and the governor"; an order of November 15th, reciting the convening of the court for the purpose of signing certificates of the canvass as provided in the previous order and further reciting that as there was no other business coming before the court an adjournment was ordered until a "regular adjourned session" to be held the succeeding day; an order of November 19th, granting a motion by relator to recount the ballots and fixing November 22nd for beginning the recount; an order of November 22nd, reciting the recount of ballots from precinct No. 7 during the morning session and an adjournment to 1:30 P. M. of the same day; a second order of November 22nd, reciting the reconvening of

the court at the appointed hour; an objection by counsel for Reece to a continuance of the recount on the ground that the canvass of the votes on November 14th was final; a motion by counsel for relator to exclude the ballots from precinct No. 7 on the ground that the names of both poll clerks thereon were signed in the hand-writing of one clerk; a request by counsel for relator, which was granted, that the poll clerks be summoned to appear before the board for examination; and the direction by the board, in response to the suggestion by counsel for Reece that the ballot boxes had been left unguarded in the county court room, that they be kept in the vault. It will be observed that no orders are exhibited connecting the procedure before the board between November 15th and 19th. A number of unauthenticated orders subsequent to November 22nd are filed. There is also exhibited with the petition certain evidence purporting to have been taken before the board but which was not certified by it. Much discussion, in briefs and oral arguments, has been devoted to the admissibility of these unauthenticated papers. But in the light of our view upon the pleadings, it is unnecessary to consider this question. Since the answer admits all the material allegations of the petition except the alleged improper rejection of 12 votes from precincts 1 and 6 and the averment that the ballots from precinct 7 were signed by only one poll clerk, and denies the latter charge merely to the extent of stating that "several" of the ballots involved therein were (or "appeared to be") in the handwriting of both clerks, no legal defense to the *prima facie* case made on the petition is presented. As already pointed out, after rejecting the 12 ballots in question from precincts 1 and 6 as well as all ballots from precinct 7, relator would have a majority of 22 over Reece and 52 over Sprowl. The answer, averring that "several" of the ballots from precinct 7 were (or "appeared to be") in the handwriting of both poll clerks, is no legal response to the allegation in the petition that the names of both poll clerks on all of said ballots were signed by one clerk. The term "several" is indefinite, meaning more than two but not very many.

As Code 1931, 3-5-18, requires ballots to be signed by both poll clerks, a peremptory writ is awarded.

*Writ awarded.*