STATE of Missouri, Respondent,

v.

Larry D. FOSTER, Appellant.

No. KCD 28270.

Missouri Court of Appeals, Kansas City District.

Oct. 11, 1977.

Clifford A. Cohen, Public Defender, Lee M. Nation, Asst. Public Defender, Kansas City, for appellant.

John D. Ashcroft, Atty. Gen., Jeff W. Schaeperkoetter, Asst. Atty. Gen., Jefferson City, for respondent.

Before SWOFFORD, C. J., DIXON, J., and PRITCHARD, P. J.

PRITCHARD, Presiding Judge.

Appellant was convicted by the verdict of a jury of the commission of these crimes: Count I, burglary of and stealing from the M & M Hearing Aid Company, 3600 Broadway, Kansas City, Missouri; Count II, burglary of and stealing from Rhoden Investment Company, 3600 Broadway, Kansas City, Missouri. Upon a finding of the applicability of the Second Offender Act, the court sentenced him: Count I, burglary, 5 years, stealing, 2 years, to run concurrently; Count II, burglary, 4 years, stealing, 2 years, to run concurrently. The sentences, however, under Counts I and II were ordered to run consecutively. Both Counts I and II were alleged to have occurred on the same day, November 12, 1974.

The sole point presented is whether the trial court erred in failing to sustain an objection [without grounds stated] and a request for mistrial because of the prosecuting attorney's opening statement to the jury that "The evidence will be that on November 12, 1974, *several* burglaries occurred at the Broadway-Valentine Shopping Center." (Italics added.) The assertion of error is that the statement injected "proof of separate, distinct crimes for which appellant was not being tried and were prejudicial, denying him a fair trial."

The sufficiency of the evidence to sustain the conviction is not challenged. The evidence showed that the two businesses, located at the common address, 3600 Broadway, had been burglarized at about the same time, and appellant was apprehended across the street, after having been seen exiting from Rhoden and entering M & M, with loot from both businesses in his possession.

The complaint is that the word "several" connoted more than the two burglaries. The dictionary definitions of "several" vary: "In legal use: More than one. * * As a vague numeral: Of an indefinite (but not large) number exceeding two or three; more than two or three but not very many."

The Oxford English Dictionary, Vol. IX, p. 568; "more than two, often used to designate a number greater than one." Black's Law Dict., Rev. 4th Ed., p. 1540; consisting of "an indefinite number more than two and fewer than many." Webster's Third New International Dict., Unabridged, p. 2080. Among cases holding that several means more than one are: *Walker v. Rowe,* 41 Ga.App. 769, 154 S.E. 722 (1930); *Black v. Brooks,* 60 Tex.Civ.App. 533, 129 S.W. 177 (1910); *Rowe v. Walker,* 40 Ga.App. 1, 148 S.E. 762 (1929); *Western Union Tel. Company v. DeAndrea,* 45 Tex.Civ.App. 395, 100 S.W. 977 (1907); and *Walton v. U. S. Steel Corporation,* 362 S.W.2d 617 (Mo.1962). Those cases saying that "several" means more than two are: *Brown-Service Insurance Company v. Wright,* 32 Ala.App. 578, 28 So.2d 318 (1946); *Day v. Becker,* 145 S.W. 1197 (Tex.Civ.App.1912); *Lunt v. Post Printing & Publishing Company,* 48 Colo. 316, 110 P. 203 (1910) [overruled on other grounds]; and *Barber v. County Court of Brooke County,* 114 W.Va. 255, 171 S.E. 589 (1933).

The varied disparate definitions and interpretations of the meaning of the vague word "several" above set forth are of no consequence in this case. Immediately after the request for mistrial, the prosecuting attorney stated to the jury that the two burglaries occurred at Rhoden and M & M, which businesses were located next door to each other. The evidence showed no other offenses. Obviously, the two mentioned offenses occurred approximately simultaneously or as a part of a same scheme or transaction, and thus do not offend the rule against evidence, or allusion to evidence, of other crimes than those for which a defendant is on trial. Taken in the context of the statements, no error appears.

The judgment is affirmed.

All concur.