E. H. PATTERSON v. B. R. ROGERS.

*(Case No. 3727.)*

1. PRESUMPTION — AGENT.— The existence of authority to represent a party litigant, as an attorney, will be presumed from the recitation in the decree that the party appeared by the attorney.

2. PRACTICE. — An assignment of errors filed by a party, who though a party to the suit is not a party to the writ of error, either as plaintiff or defendant, will not be considered.

3. PRACTICE — ASSIGNMENT OF ERRORS.— A defendant in a writ of error cannot assign errors as against his co-defendant unless he has himself sued out a writ of error, and given the statutory bond.

ERROR from Guadalupe. Tried below before the Hon. Everett Lewis.

Suit by B. R. Rogers against W. M. Rust and E. H. Patterson as indorsers, and Ed. Duggan as maker, on a promissory note for $1,800 in coin, dated the 7th day of May, 1875, and due January 1, 1877, secured by vendor's lien upon land described in petition, praying for judgment against all and a foreclosure of said lien.

Plaintiff in error accepted service, and defendants Rust and Duggan filed answers.

W. A. Marlow intervened, setting up that Patterson was indebted to him in the sum of $2,210.50, due by notes, and to secure the same had placed in his hands, as collaterals, three other notes of Duggan, given at the same time as the one on which the plaintiff had sued, and as a part of the consideration for the tracts of lands described in the plaintiff's petition. That the notes were secured by vendor's lien upon the same land, and matured respectively January 1, 1878, January 1, 1879, and January 1, 1880; and that Patterson and Duggan were insolvent. He prayed for judgment against Patterson on her indebtedness, for a foreclosure of his lien, and that in event the lands should not sell for sufficient to pay off the indebtedness to both plaintiff and intervenor, then that the proceeds be prorated in proportion to the amount of the claims held by them.

Plaintiff in error filed an answer, signed by J. R. Jefferson, Jr., admitting the facts set up by the intervenor, and also alleged that another note given for $1,100 in part payment for the same land, and due January 1, 1881, was the property of Wm. Ellis, and prayed that exact justice and equity be done between the parties.

Judgment for the plaintiff for the note sued on, against both indorsers and maker, and in favor of intervenor Marlow for the amount of his debt against Patterson, and ordered the lands sold, partly for cash and balance on time, to pay indebtedness; decreeing that plaintiff Rogers be first paid in full out of proceeds, and that intervenor be paid out of the remainder the sum of $260 coin, the amount of accrued interest due upon the notes by him held, and that the remainder be on time to mature when the original purchase money notes become due.

There is no statement of facts.

E. H. Patterson alone prosecuted a writ of error, and assigned the following errors:

"1. That she had no notice of the cross petition or intervention of W. A. Marlow, and there was therefore no authority for rendering judgment against her in favor of said Marlow.

"2. That J. R. Jefferson, Jr., had no authority or power to waive anything or sign any paper for her in said cause; J. R. Jefferson, Jr., not being her attorney, or indeed a lawyer at all."

Marlow sued out no writ of error, but filed an assignment of errors; among others, that error was committed in giving a preference lien to plaintiffs over his claim, both being on notes given at the same time, and secured by lien on the same land.

*Ireland* for plaintiff in error.

I. The authority of an attorney at law will be presumed, but one acting not in that capacity must show his authority.

II. There is no power in courts to give judgment on claims not due. In attachment suits, although permitted to prevent fraud, the case must stand until claim is due before judgment can be taken. Pasch. Dig., art. 154; Hunt *v.* Stiles, 10 N. H., 466; 2 Hilliard on Mortgages (3d ed.), 189; King *v.* Longworth, 7 Ohio, 585.

*Harwood & Winston* for defendant in error.

I. Every intendment is to be indulged in favor of the correctness of the judgment of the court below until the contrary is made to appear. 1 Tex., 476; 2 Tex., 297; 3 Tex., 357; 8 Tex., 45; 21 Tex., 448; 22 Tex., 5.

II. Where two or more notes are given for land secured by vendor's lien maturing at different dates, and the first is transferred to a third party before maturity, while the remainder are still in the hands of the original payee, the purchaser of the first note is entitled to priority in payment. The judgment recites that defendant in error Rogers obtained the first note before maturity, and while the original payee still held the remaining notes. The first note was transferred to Rust in May, who indorsed to Rogers in May, 1875. The notes held by intervenor were transferred in December, 1875. Paris Ex. B'k *v.* Beard, 49 Tex., 358, and authorities there cited.

GOULD, ASSOCIATE JUSTICE.— The writ of error in this case was sued out by Mrs. E. H. Patterson only, seeking to revise the action of the court in rendering a judgment against her in favor of B. R. Rogers, and also another judgment against her in favor of an intervenor, Marlow.

In the brief filed by her counsel but two questions are presented.

First. It is insisted that the answer to the plea of intervention filed in her name, signed " J. R. Jefferson, Jr., agent," was without authority, because " he," Jefferson, " was not a lawyer, nor did he have a power of attorney to act for her." As the decree recites that " the said Patterson by her answer filed in the cause admits said indebtedness, and waives all right to be served with process," it must be presumed, in support of the action of the court, that J. R. Jefferson, Jr., had proper authority to answer in Mrs. Patterson's name.

The second point made, assumes that judgment was rendered against Mrs. Patterson on a claim not due. The record does not show this to be so. Both the judgment in favor of Rogers and that in favor of Marlow were rendered on notes past due.

There is no error complained of by Mrs. Patterson, entitling her to have the case reversed.

The assignment of errors purports to be in the name of defendant Duggan as well as of Mrs. Patterson. But Duggan is not a party to the writ of error, either as plaintiff or defendant, and his assignments cannot be considered. Indeed they have not been presented by counsel.

The intervenor Marlow also assigns errors, but his assignments relate solely to errors in those proceedings and that part of the decree fixing the relative rights of himself and Rogers. As one of the defendants to the writ of error sued out by Mrs. Patterson, Marlow had the right, without suing out a separate writ, to assign errors as against her. But if he desired a revision of that part of the decree giving Rogers a preference over him, he should have himself sued out a writ of error, and

given a proper bond to secure Rogers. We know of no authority for entertaining his assignments of error as against his co-defendant in error, Rogers. Jones *v*. Burgett, 46 Tex., 284.

The judgment is affirmed.

AFFIRMED.

[Opinion delivered June 19, 1880.]