### John C. Brown and L. A. Sheldon v. Charles Warner.
#### No. 2907.

**1. Receivers.** — A receiver as a general rule is but the agent of the court that ap-points him, with authority to take possession and control of property the subject matter of litigation, and is not the representative of its owner for the fulfillment of the latter's contracts except in cases in which he has made the contract his own by some act of adoption.

**2. Receiver of Railroad.**—When appellants were appointed receivers and placed in charge of the railway there was a contract between the railway company and War-ner for the maintenance of a switch upon his land. This was purely a personal con-tract. The duty of the receivers was to hold and operate the railway, and they were no more bound to carry out the contract of the company to maintain the switch than they were to discharge its obligations to pay money.

**3. Same.**—It was error to overrule a general demurrer to a petition setting up as cause of action the discontinuance of a switch by receivers of a railway company upon plaintiff's land, for maintenance of which the railway company only was bound.

Error from Smith.     Tried below before Hon. Felix J. McCord.

This suit was brought by Charles Warner against John C. Brown and Lionel A. Sheldon, receivers of the Texas & Pacific Railway, as defend-ants, to recover damages for the alleged wrongful removal by them, while such receivers, of a side track or switch on the line of the Texas & Pacific Railway known as Warner's Switch, near which was located the plaintiff's saw mill. The switch was alleged to be necessary for the shipment of the product of the said mill, the same having been located under an agreement between the plaintiff and the Texas & Pacific Railway Company for the purpose of being so used. A trial resulted in a judgment for the plaintiff for the sum of $32,500, from which judgment writ of error is prosecuted.

*Whitaker & Bonner,* for plaintiffs in error.—The receivers of a rail-way company can not be required to carry out and observe the contracts made by the railway company, especially when the same create no lien or charge upon the property of the company which has come into their hands. Express Co. v. Railway, 99 U. S., 200; Trust Co. v. Railway, 33 Fed. Rep., 576; High on Receiv., sec. 273; Beach on Receiv., sec. 775.

*H. Chilton,* for defendant in error.—The receivers are liable for changing

the physical condition of the railway after they took possession, to the damage of plaintiff.    High on Receiv., sec., 273; Com. v. Ins. Co., 115 Mass., 278; Railway v. Robards, 60 Texas, 545; Railway v. Molloy, 64 Texas, 610.

In motion for rehearing the following additional authorities were cited : Rich v. Railway, 11 Am. and Eng. Ry. Cases, 594; State v. Railway, 35 Am. and Eng. Ry. Cases, 1; Coal Co. v. Railway, 35 Am. and Eng. Ry. Cases, 2; Bell v. Railway, 53 Ind., 57; Metz v. Railway, 58 N. Y., 61.

GAINES, ASSOCIATE JUSTICE.—The appellee brought this suit against the appellants as receivers of the Texas & Pacific Railway Company, alleging in his petition that in 1874 he made a contract with that company to the effect that in consideration of his agreement to grade and furnish ties for a switch on the company's railroad at a point known as Warner's Station, it would furnish the iron and complete and permanently maintain such switch at that point for his benefit for shipping purposes; that the switch was constructed in accordance with the contract and maintained until the year 1887; but that in December, 1885, the defendants were appointed receivers of the company's railroad by the United States Circuit Court for the Northern District of Texas, and thereafter went into possession of the property and continued to operate the same, and that on the 19th day of May, 1887, they removed the switch, over his protest, and thereby damaged him greatly by the consequent depreciation of his property.    The property was specifically described, and consisted in timber lands, timber privileges, saw mills, store houses, a stock of goods, etc., all of which as alleged had been acquired at the time of the removal for the purpose of carrying on the business of sawing lumber for market, and was rendered greatly less valuable for want of any practicable means of placing the lumber upon the railroad at a point where it could be transported to market.    The damages were specifically alleged, and according to the allegations amounted in the aggregate to the sum of $63,425.

A general demurrer to the petition was overruled and that ruling is assigned as error.

The case made by the petition is an action against the receivers to recover damages for the breach of the company's contract.    Neither the nature of the suit in which the receivers were appointed, the grounds for that appointment, nor the powers conferred upon them are disclosed by the petition.    We may assume that the receivership has been ordered and the appointment made in some equitable proceeding in which it has been deemed necessary for the court to take charge of the property in order to prevent its waste and the diversion of its income during the pendency of the suit.    A receiver, as a general rule, is but the agent of the court that appoints him, with authority to take the possession and control of property the subject matter of litigation, and is not the representative of its owner for the fulfillment of the latter's contracts, except in cases in which

he has made the contract his own by some act of adoption. Common-wealth v. Ins. Co., 115 Mass., 278.

The life of a railroad depends upon its active operation as a "going con-cern," and a receiver over it must necessarily exercise many of the powers of a proprietor in its management and be subjected to a similar liability for his own official acts and those of his servants and agents. He is liable as receiver for his contracts made in his official capacity and for the torts committed by his servants and agents in the operation of the road. By reason of the liability incurred by the operation of so much machinery and the employment of so many men, it may seem upon first blush that their liability is defined by a different rule from that which prescribes the liabil-ity of receivers in ordinary cases. But the rule is the same. The receiver of the property of a railroad is no more the representative of the company than the receiver of the property of a natural person is the representative of such person. Let us suppose, then, that the proprietor of a cotton gin has contracted to gin the cotton of his neighbor at a certain rate, and that before he has performed his contract the property is placed in the hands of a receiver, who is directed to operate it; can it be said that he is liable in damages should he refuse to comply with the contract? Clearly not. He is appointed not to carry out the proprietor's contracts but to manage and preserve the property. So the receiver of a railroad company is no more bound to do a particular thing which the company has contracted to do than he is liable to pay a debt which the company has contracted to pay.

Let us then apply these principles to the case made by the plaintiff's petition. When the appellants were appointed receivers and placed in charge of the railway there was a contract existing between the railway company and the plaintiff for the maintenance of a switch at Warner's Station. That was purely a personal contract. The duty of the receivers was to hold and operate the railroad, and they were no more bound to carry out the company's contract to maintain the switch than they were to discharge its obligations to pay money.

When in the management of the road they deemed it proper to remove the switch and did remove it, the contract of the company was broken and it was liable in damages for its breach. That the appointment and acts of the receivers do not absolve it from its liability to carry out its contract was decided in effect by this court in Hunt v. Reilly, 50 Texas, 99. If appellee were unable to recover damages of the company for its breach of the contract by reason of its insolvency, it is a misfortune he has suffered doubtless in company with numerous other simple contract creditors. For the failure to perform the contract his cause of action was against the company, and it was not of that character which could be brought against the receivers without leave of the court. U. S. Stats. 1886-87, p. 554, sec. 3.

The authorities bearing directly upon the question under consideration

are not numerous, but they are all, so far as we have been able to find, in accordance with the views we have expressed.    The case of Express Company v. Railway Company, 99 United States, 199, was a bill in equity by the express company against the receiver of the railway company to compel a specific performance of a contract, made before the receiver's appointment, to carry freight for the complainant.  In the opinion the court say:

"The road is in the hands of a receiver in a suit brought by the bondholders to foreclose their mortgage.  The appellant has no lien.  The contract neither expressly nor by implication touches that subject.  It is not a license, as insisted by counsel.  It is simply a contract for the transportation of persons and property over the road.  A specific performance by the receiver would be a form of satisfaction or payment which he can not be required to make.  As well might he be decreed to satisfy appellee's demand by money as by the service sought to be enforced."

The same principle was recognized in Commonwealth v. Insurance Company, 115 Massachusetts, 278, and In Re Brown, Receiver, 3 Edwards Chancery, 384, and in Ellis v. Railway Company, 107 Massachusetts, 1. In the case last cited the court say:

"The receivers are officers of the court for this purpose [that of preserving the property], and act under its direction and control.  They continue the operation of the road and conduct its business, because this is essential to its proper preservation.  They may fulfill the contracts of the corporation so far as beneficial.  They may not pay its debts or fulfill contracts which are burdensome or tend to diminish the value of property under their control, unless such contracts are charged as encumbrances on the property or are necessary to its proper preservation and security."

In the case of Howe v. Harding, 76 Texas, 17, the owner of land granted the railway company a right of way over his land in consideration of the company agreeing to take water from a spring belonging to him at a certain stipulated price.  A receiver appointed over the property of the company continued to use the right of way but refused to carry out the contract to take and pay for the water.  It was held that there was but one contract, and that since the receiver adopted it as to the right of way he became bound for its fulfillment as to the water.  It was held also that a lien existed upon the right of way for securing the payments for the water, that being deemed the real consideration for the grant of the easement.    The court declined to decide whether or not the receiver was bound to carry out the contract to take and pay for the water had so much of the agreement stood as an independent contract.

We conclude that the court erred in overruling the demurrer, and therefore the judgment is reversed and the cause remanded.

Delivered December 5, 1890.                    *Reversed and remanded.*

Motion for rehearing was refused at Galveston, January 13, 1891.