ISABELLA DANIEL V. R. A. HARVIN AND
C. R. VINSON, EXECUTRIX.

No. 846.

1. **Independent Executrix—Limitation on Note—New Promise.**—An independent executrix has power, before the debt is barred, to suspend the statute of limitation by a new promise on a note against the estate.

2. **Principal and Surety—Release of Principal by Operation of Law.**—A release of the principal by operation of the law will not in all cases discharge the

surety, and where the debt has been barred as against the principal by the statute of limitation, the surety may still remain liable by virtue of his own new promise to pay.

3. Collateral Security—Failure to Sue on.—The fact that collateral security has not been sold or sued on furnishes no defense to a suit on the original note.

4. Hearsay Evidence—Waiver of Objection.—Hearsay evidence, admitted without objections and uncontradicted, will be treated as competent for the purposes for which it has been offered.

APPEAL from the County Court of Washington. Tried below before Hon. E. P. CURRY.

*Beauregard Bryan*, for appellant.—1. Limitation does not run against a cause of action evidenced by writing in this State until the cause accrues and can be prosecuted, and a cause of action does not accrue nor can it be prosecuted until the right can be enforced, and a right can not be enforced where a statute allows the defendant, independent executrix, as in this State, to refuse to plead until the expiration of twelve months after qualifying as executor.

2. Where a suit is brought upon a note which has collateral deposited, the owner and holder of the note need not resort to the collateral before suing on the principal note executed, as that is the contract between the parties to pay. Newberry v. Bank, 26 S. W. Rep., 215; Burke v. Conger & Moore, 8 Texas, 68.

3. The note on which plaintiff in the court below sued was a joint and several one. After the death of Vinson, his independent executrix in writing charged herself with the payment of it. Rev. Stats., art. 2017; Coles v. Kelsey, 2 Texas, 556; Grayson v. Taylor, 14 Texas, 675; Bergstrom v. The State, 58 Texas, 95; Boyd v. Bell, 69 Texas, 735; Park v. Prendergast, 23 S. W. Rep., 535; 25 S. W. Rep., 822; 24 Am. and Eng. Encyc. of Law, 771.

*Campbell & Pennington*, for appellees.—1. The note sued on being barred by limitation as to defendant Harvin, releases him, and whatever discharges the principal discharges the surety. Sayles' Civ. Stats., art. 3205; 2 Dan. Neg. Inst., secs. 514, 515; Bridges v. Phillips, 17 Texas, 130; Bank v. Bates et al., 76 Texas, 336, and authorities.

2. Where collateral is deposited, the surety is entitled to the benefit of it, and to surrender or lose it discharges the surety. Jones on Pledges, sec. 1310; 24 Am. and Eng. Encyc. of Law, 749, note 4; Hays v. Ward, 8 Am. Dec., 554; Murrell v. Scott, 51 Texas, 526; King v. Baldwin, 2 Am. Lead. Cases, 5 ed., 401.

3. The renewal or admission by a surety or joint maker will not renew the note, and a new consideration is necessary as well as a new promise. 6 Barb. (N. Y.), 547.

4. There is no debt owing by a surety that is not owed by the principal, and a surety can not renew a debt for the principal. Bridges v. Phillips, 17 Texas, 130.

WILLIAMS, ASSOCIATE JUSTICE.—Appellant sued upon a note, in form joint and several, signed by R. A. Harvin, and by W. H. Vinson with the word "security" written after his name.

Vinson had died before the institution of the suit, leaving a will by which appellee C. R. Vinson was made his independent executrix. The note was presented to her as such, and she endorsed upon it her approval and promise to pay it in the course of administration. Both defendants pleaded the statute of limitations, and Mrs. Vinson pleaded that her husband was only a surety, and had been released by the fact that plaintiff had allowed the note to become barred by limitation as to the principal, Harvin. She also asked, that in case judgment be rendered against her, a note which had been deposited by Harvin with plaintiff, as collateral security for that sued on, be delivered to her.

More than four years elapsed between the maturity of the note and the institution of the suit, and the note was barred as to Harvin. The new promise by Mrs. Vinson as executrix did not affect Harvin. No such relation existed between her and him as made her act binding on him. The court below correctly held that plaintiff could not recover against Harvin. But we think it was otherwise with Mrs. Vinson. As independent executrix, she had power by her promise to suspend the statute before the debt was barred. Howard v. Johnson, 69 Texas, 658; Wood on Lim., sec. 190; 23 S. W. Rep., 536; 25 Id., 822.

Having done so, she is not released by the fact that the note is barred as against Harvin, even if she is to be treated as surety. The principle is generally, but not universally, true, that anything which releases the principal will release the surety. Brandt on Suretyship, sec. 121; Dan. Neg. Inst., 1314, 1326.

Thus the release of the principal by bankrupt proceedings does not release the surety. The release of the surety here, as in the instance cited, is brought about by the operation of law and not by an affirmative act of the payee of the note. Brandt on Suretyship, sec. 126. The surety would be released in the same way, but for her own act in suspending the running of the statute in her favor. The debt was not barred when she made the new promise, and its existence was a sufficient consideration for the promise. Besides, it is shown that indulgence was granted her, the principal being wholly irresponsible. The fact that the collateral security had not been sold or sued on furnished no defense to this suit. Besides, it was shown that such note had been delivered back to Harvin by plaintiff's attorney, and that this was done with Vinson's consent. This evidence may have been objectionable as hearsay, but it was admitted without objection and is uncontradicted, and as its place might have been supplied by other testimony had objection been urged and sustained at the proper time, the court should have treated it as competent for the purpose for which it was offered. It is plain, that if the surety consented for the payee to deliver up to the principal the collateral security, the surety can not claim to be re-

leased by that fact. Besides, no plea of release resulting from such fact was presented.

The judgment will be reversed, and judgment will be here rendered in plaintiff's favor against Mrs. Vinson as independent executrix, to be collected by execution against property of the estate in her hands, and in favor of the defendant Harvin.

*Reversed and rendered.*

Delivered May 2, 1895.