FT. WORTH & D. C. RY. CO. v. LYNCH.†

(Court of Civil Appeals of Texas. March 30, 1911. On Motion for Rehearing, April 27, 1911.)

1. TRIAL (§§ 191, 296*)—INSTRUCTIONS—ASSUMED FACTS.

In an action for injuries to plaintiff while assisting his father at a railway pumping station, plaintiff's employment being denied, his father testified that it was understood that plaintiff should help him operate the station until he was familiar with the pump, when he was to be put on as night man. This defendant denied, and the court charged that if the jury believed such an understanding existed between plaintiff's father and defendant's foreman, and that plaintiff, with the foreman's consent and knowledge, was left by his father in charge of the pump, they should find for plaintiff. *Held* that a further paragraph that, when "plaintiff entered the employment of defendant, he assumed all the risks," etc., was objectionable as a charge on the weight of the evidence as assuming that plaintiff was an employé of defendant when injured, and was not cured by the other instruction.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 420–431, 705–718; Dec. Dig. §§ 191, 296.*]

2. APPEAL AND ERROR (§ 1031*)—PREJUDICIAL ERROR — PRESUMPTION — INSTRUCTIONS — WEIGHT OF EVIDENCE.

Sayles' Ann. Civ. St. 1897, art. 1317, forbidding a charge on the facts, is mandatory, so that a charge on the weight of the evidence on a material controverted issue is prejudicial error, unless it affirmatively appears that the defendant was not prejudiced thereby.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4038–4046; Dec. Dig. § 1031.*]

3. MASTER AND SERVANT (§ 284*)—QUESTION FOR JURY—RELATIONSHIP—ARGUMENT.

The fact that on other occasions defendant had permitted plaintiff to operate a pump at its water station in the place of plaintiff's father, who was defendant's pumpman there, was not sufficient to establish as a matter of law the relation of master and servant between plaintiff and defendant.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1004; Dec. Dig. § 284.*]

4. TRIAL (§ 192*)—INSTRUCTIONS—WEIGHT OF EVIDENCE.

An instruction assuming a fact which is undisputed is not objectionable as on the weight of the evidence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 432–434; Dec. Dig. § 192.*]

5. MASTER AND SERVANT (§ 295*)—INJURIES TO SERVANT — ASSUMED RISK — INSTRUCTIONS.

Acts 29th Leg. c. 163, declares that the defense of assumed risks will not be available to a railway company as against a suit by its employé for damages for negligent personal injuries, where a person of ordinary care would have continued in the service with the knowledge of the defect and the danger. *Held* that, though plaintiff's alleged employment was disputed, the court properly modified a requested charge on assumed risk by stating that if the jury believed that a person of ordinary care, under all circumstances and situated as plaintiff was, would have continued to operate plaintiff's pump with knowledge of the danger he thereby incurred, plaintiff should recover; the charge as modified being the only phase of assumed risk that could arise in the case.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1168–1179; Dec. Dig. § 295.*]

6. MASTER AND SERVANT (§ 292*)—INJURIES TO SERVANT—INSTRUCTIONS—CONSTRUCTION.

In an action for injuries to plaintiff while assisting his father in operating a pump at a station, defendant denied plaintiff's employment, and the court charged that if the jury believed that the foreman of defendant's water service, with authority to employ, hired plaintiff's fa-

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes
† Application for writ of error dismissed by Supreme Court.

ther to operate the pump, and it was understood that plaintiff should work with his father until he was sufficiently competent to operate the pump alone, when he was to be given charge of the same at night, and to be placed on defendant's pay roll, and that if under such an arrangement plaintiff worked at the pump with his father, and was left in charge thereof with the knowledge and consent of defendant's foreman, then the jury should find that plaintiff was in defendant's employ, and was a servant, was not erroneous as in effect charging that the mere granting of permission to plaintiff's father to teach his son how to run the pump, and agreeing to employ him when he should have become competent, established the relation of master and servant between plaintiff and defendant.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1135; Dec. Dig. § 292.*]

On Motion for Rehearing.

7. TRIAL (§ 191*) — INSTRUCTIONS — ASSUMPTION OF FACTS—"IF"—"WHEN."
 Where an instruction charged that "when" plaintiff entered defendant's employment he assumed all the risks, etc., the word "when" could not be construed as synonymous with "if" to save the instruction from an objection that it assumed an employment.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 420–435; Dec. Dig. § 191.*
 For other definitions, see Words and Phrases, vol. 4, pp. 3383–3385; vol. 8, pp. 7437–7440.]

Appeal from District Court, Wise County; J. W. Patterson, Judge.

Action by S. M. Lynch against the Ft. Worth & Denver City Railway Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Spoonts, Thompson & Barwise, McMurray & Gettys, and J. M. Chambers, for appellant. R. E. Carswell, Robt. Carswell, and Chas. S. Todd, for appellee.

WILLSON, C. J. Appellant owned, and for the purpose of supplying water for its shops at Childress operated, a pumping plant near that town. C. M. Lynch, appellee's father, and one Lee, were employed by appellant as pumpers; the former having charge of the plant during the daytime, and the latter during the nighttime. February 8, 1908, appellee, then about 20 years of age, was left, temporarily, in charge of the pump by his father, and, the coat he was wearing having been caught by an unprotected screw or bolt projecting from a revolving shaft while he was engaged in an attempt to oil parts of the machinery, he was forced against said machinery, and as a result thereof suffered serious injury to his person. In his petition, after describing the pump and the situation thereon of the projecting bolt, appellee alleged that "on said February 8, 1908, and for some time prior thereto, he was employed by defendant to operate said pump, that at the time he was young, only 20 years of age, without mature judgment or experience in the operation of such machinery, and especially unfamiliar with the dangers incident to the operation of this particular pump in its then condition, and was set to work at the same without any instructions as to how to operate the same with safety to himself, and was ignorant of the fact that said bolt or set screw was in the collar in the condition it was." Appellant's answer consisted of a general denial and pleas of assumed risk and contributory negligence on the part of appellee. The verdict was in appellee's favor for the sum of $5,000.

[1] Appellee's right to recover, in any event, under his pleadings, depended upon whether the relation of master and servant existed between himself and appellant or not. His father testified that at the time he (the father) was employed to operate the pump it was understood between him and Michael, foreman of appellant's water service, by whom he was employed, that appellee was to serve as his helper, that he was to take appellee "in there and use him until he got familiar with the pump, and put him on as night man there." Michael denied this, and testified that he had rebuked appellee's father for leaving appellee in charge of the pump and on more than one occasion when he saw appellee during the absence of his father operating the pump told him he "didn't care about him staying around there" —that he expected his (appellee's) father to run the pump. The court instructed the jury to find that appellee was an employé of appellant if they believed such an understanding existed between appellee's father and Michael, and further found that appellee, with the knowledge, consent, and approval of Michael, or other of appellant's employés charged with the supervision of its water service, was left by his father in charge of the pump. In the paragraph of his charge immediately following such instruction the court said: "When the plaintiff, S. M. Lynch, entered the employment of defendant, he assumed all the risks," etc. It is insisted that this charge was on the weight of the evidence, in that it assumed that appellee was an employé of appellant at the time he was injured. That the language used by the court, if considered without reference to that preceding it, subjects the charge to the criticism made of it, is clear. Appellee insists that it should not be so considered, and that "when the whole charge," quoting from his brief, "is read and taken into account, it cannot be said that the particular sentence complained of can be construed as assuming that appellee was an employé of appellant." When so read, it seems to us the language in question cannot be construed as any less subject to the complaint made of it. However read, it is a clear assumption as a fact that appellee was an employé of appellant. If by the reply made to the criticism of the language in question it is meant that its effect was not to withdraw from the jury as an issue in the

case a question as to whether appellee was such an employé or not, submitted by other portions of the charge, we agree it was not. But the vice in the instruction does not lie in the fact that the jury were relieved of the duty to determine such a question, but in the fact that they might have construed the language complained of as indicating the view the court took of the testimony with reference to that phase of the case. Appellant had a right to have the issue determined by the jury from a consideration by them of the testimony alone, unembarrassed by any intimation from the court as to the view he entertained with reference to it. The court, of course, did not intend to be understood as making such an intimation to the jury, and we appreciate the fact that it is not probable the jury so understood him, or, if they did, that they were thereby influenced in their determination of the question.

[2] But the statute (Sayles' Ann. Civ. St. 1897, art. 1317) forbidding such an intimation by the court is mandatory. Overall v. Armstrong, 25 S. W. 440; Lumber Co. v. Thompson, 113 S. W. 565; Passmore's Instructions to Juries, § 118 et seq. Therefore, the issue having been a material one, if it was also a controverted one, we must hold the portion of the charge complained of to be error requiring a reversal of the judgment. Appellee insists that the issue was not a controverted one.

[3] But clearly it was, as is shown by testimony we have referred to, unless it should be said that the fact that on other occasions appellant permitted appellee to operate the pump in the place and stead of his father was sufficient to establish as a matter of law the relation of employer and employé between them. That relation is one which cannot exist independent of a contract creating it. 2 Labatt's Mas. & Serv. §§ 630, 636; 26 Cyc. 1082 et seq.; Street on Personal Injuries, § 108. We do not think its existence is established as a matter of law when it is shown that a plaintiff was permitted by the owner of machinery to operate same in the place and stead and at the instance of one whom such owner has employed to operate it. As it cannot be said that the undisputed evidence established more than this, we think it must be said that the issue as to whether appellee was an employé of appellant or not was not uncontroverted. Railway Co. v. Skinner, 4 Tex. Civ. App. 661, 23 S. W. 1001. In support of his contention to the contrary of the conclusion reached by us, appellee cites Railway Co. v. Reasor, 28 Tex. Civ. App. 302, 68 S. W. 333; Railway Co. v. Connors, 101 S. W. 480; Wallace v. Oil Co., 91 Tex. 20, 40 S. W. 399; Eason v. Railway Co., 65 Tex. 577, 57 Am. Rep. 606; Railway Co. v. Timmons (Ky.) 100 S. W. 337. As we understand those cases, each of them on its facts is clearly distinguishable from this one.

[4] In another portion of his charge, the court instructed the jury as follows: "If you do not believe that defendant was guilty of negligence in permitting the set screw or bolt to project from the surface of the collar, and allowing plaintiff to operate the pump," etc. This portion of the charge also is attacked as erroneous because on the weight of the evidence, in that it assumed that appellant "allowed plaintiff to operate the pump." As we understand the testimony in the record, it was undisputed that appellant did permit appellee to operate the pump. Therefore we do not think the assumption by the court of the fact was error.

[5] The court qualified the portion of his charge submitting the issue of "assumed risk" made by the pleading and testimony by telling the jury to find in appellee's favor thereon, if they believed that "a person of ordinary care, under all the circumstances and situated as plaintiff was, would have continued to operate the pump," with knowledge of the danger he thereby incurred. The act 1905 (Gen. Laws, p. 386) declared that the defense of assumed risk should not be available to a railway company as against a suit by its employé for damages for personal injuries suffered by him as a result of its negligence, "where a person of ordinary care would have continued in the service with the knowledge of the defect and danger." If, therefore, appellee was an employé of appellant, the qualification was a proper one. Railway Co. v. Foth, 101 Tex. 133, 100 S. W. 171, 105 S. W. 322; Railway Co. v. Alexander, 102 Tex. 497, 119 S. W. 1135. If he was not such an employé, under his pleadings he was not entitled to recover in any event. The charge as given being applicable to the only phase of assumed risk which could arise in the case, the objection made to it, because of the qualification specified, is, we think, without merit, as is also the complaint made of the refusal to give to the jury, as requested by appellant, a charge on assumed risk without such a qualification. The third and fourth assignments, presenting those complaints, therefore are overruled.

[6] The court instructed the jury as follows: "If you believe from the evidence that H. L. Michael was the foreman of defendant's water service at the time and prior to plaintiff's injuries, and as such had authority to employ hands to work for defendant at said service, and that he employed C. M. Lynch to operate its pump near Childress, and if you believe that one of the provisions and understandings of such employment was that plaintiff should work with said C. M. Lynch in the operation of said pump until he was sufficiently competent to operate the same alone, when he was to be given charge of the same during nights, and to be placed upon the pay rolls of defendant, and if under said arrangement plaintiff did work at said pump with C. M. Lynch, and was by said C. M. Lynch left in charge of said

pump, and that he so worked at said pump with the knowledge, consent, and approval of said Michael or other authorized employés of defendant intrusted with the supervision of the water service, then you will find that plaintiff was in the employment of defendant and was its servant." In a proposition under an assignment attacking the instruction set out above as erroneous, appellant insists that "merely granting permission to C. M. Lynch when he was employed to teach his son how to run the pump, and agreeing that after the son had learned and become competent to operate the pump that the defendant would then employ him and place him upon the pay rolls as night pumper, would not make the plaintiff an employé while being taught to run the pump, and before being placed upon the pay rolls and employed as pumper." As we construe the charge, it did not authorize the jury to find appellee to have been an employé of appellant, if the testimony did not go further than to show that his father was "merely granted permission" to teach appellee how to operate the pump. Before so finding, it required them to believe from the testimony that it was understood between appellant's foreman and appellee's father at the time the latter was employed that appellee should work with his father and assist him in the operation of the pump until appellee was competent to take charge of same and operate it during the nighttime without assistance from any one. Such an understanding between appellant and appellee's father, when acted upon by the parties, should, we think, be construed as a contract for service by appellee as well as for service by his father in connection with the operation of the pump.

We do not think the charge of the court on the measure of damages is subject to the criticism urged against it, that it authorized the jury to "assess a double compensation for the permanent injury sustained by plaintiff after he should have reached the age of 21 years."

The judgment is reversed, and the cause is remanded for a new trial.

### On Motion for Rehearing.

Counsel for appellee seem to have misapprehended the ruling made by this court. We did not hold that without respect to the case made by the pleading and the testimony the violation by the trial court of article 1317 of the Revised Statutes required a reversal of the judgment. What we did hold was that the statute was mandatory, that to violate its mandate was error, and that, the violation having consisted of the assumption by the trial court in his charge of the existence of a material controverted fact, the error could not be treated as harmless. Such an error can be regarded as harmless only when it is manifest from the record that the finding of the jury was not

influenced by it. While, as stated in the opinion, we do not think it probable that the verdict was influenced by the error in the charge, we certainly cannot say that it affirmatively and clearly appears from the record that the jury were not influenced by it. Therefore, in disposing of the appeal, we must assume that the rights of appellant were prejudiced by the error. Railway Co. v. Johnson, 91 Tex. 572, 44 S. W. 1067; Railway Co. v. Greenlee, 62 Tex. 349; Hubby v Stokes, 22 Tex. 217.

In the opinion we cited Lumber Co. v. Thompson, 113 S. W. 565, decided by this court, as holding that the statute referred to is mandatory. Counsel say that that case "is the first and only case they have been able to find which unequivocally holds the statute to be mandatory." At least as long ago as 1876 the Supreme Court, in an opinion by Chief Justice Roberts, declared the statute to be "mandatory and peremptory." Railway Co. v. Murphy, 46 Tex. 367, 26 Am. Rep. 272. That such is its character we think has never since been questioned by any court in this state. In Railway Co. v. Scott, 30 Tex. Civ. App. 496, 71 S. W. 30, and Railway Co. v. Lehmberg, 75 Tex. 61, 12 S. W. 838, cited by appellee, the court did not hold that the statute was not mandatory, but that it had not been violated by the trial court in the instructions given. In the Scott Case whether the plaintiff, a brakeman injured in a collision, had discharged his duty to flag an approaching train or not, seems to have been material with reference to whether he had been guilty of contributory negligence or not. The charge was attacked on the ground that in it the court had assumed that the plaintiff had flagged the train. In disposing of the contention the court said: "The entire charge makes it perfectly plain that whether plaintiff flagged the train, or whether his story of the transaction was true, was left to the jury untrammeled by any intimation from the court." In the Lehmberg Case, in reply to an objection made to the charge on a like ground, the court said: "The charge does not assert the existence of any fact, but leaves everything for the determination of the jury." In this case, as in those, the issue made by the evidence was left to the jury for determination. The difference is that the trial court in those cases, in the opinion of the appellate court, did not assume the truth as to the controverted fact to be as the plaintiff contended it was; while in this case, as we view it, the trial court did make such an assumption in his charge.

[7] It seems to be contended that it would be permissible in construing the instruction to substitute the word "if" for the word "when," and read it as if it had been written thus: "If the plaintiff, S. M. Lynch, entered the employment of defendant, he assumed all the risks," etc. The meaning of the two words, used in such a connection, it seems

to us, is so different as to forbid such a substitution.

The motion is overruled.