**KETCH et al. v. WEAVER BROS. et al. \***
(No. 10489.)

(Court of Civil Appeals of Texas. Fort Worth. Feb. 9, 1924. Rehearing Denied March 15, 1924.)

**1. Appeal and error ⟂395—Appellee filing no appeal bond cannot urge error against coappellees.**

Appellee filing no appeal bond cannot urge error against coappellees.

**2. Receivers ⟂90, 93—Rule as to liability for improvements made before receivership stated.**

Receiver generally is not bound by unperformed contracts of owner of property in his hands, unless adopted by him, but is liable for improvements made before receivership, enhancing value of property, where he has accepted benefits.

**3. Receivers ⟂93—Railway receivers held liable for price of materials sold for use in construction.**

Railway receivers *held* liable for balance due for lumber and building material sold before re-

⟂For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ceivership, for use in construction of road, to persons jointly interested in and controlling undertaking.

**4. Appeal and error &⇒223—Judgment over against codefendant recovering judgment not reformed, where not complained of.**

Judgment over for defendant against codefendant, as administrator and individually, though cause against him as administrator was dismissed and judgment given him individually, will not be reformed, where not complained of.

On Motion for Rehearing.

**5. Trial &⇒105(2)—Hearsay evidence, admitted without objection, not without probative force.**

Hearsay evidence, admitted without objection, is not without probative force.

**6. Receivers &⇒184—Sale of materials for use in building railroad held shown in action against receivers.**

In action against railroad receivers for balance due for materials sold before receivership to parties jointly interested in construction of railroad, evidence, aside from hearsay statement of witness, *held* sufficient to show that materials were furnished for building railroad.

**7. Courts &⇒247(7)—Conflict of decision with holding of another Court of Civil Appeals held not to require rehearing and certification to Supreme Court.**

Conflict of decision, if any, with holding of another Court of Civil Appeals, *held* not to require rehearing or certification to Supreme Court; appellant having remedy by writ of error.

Appeal from District Court, Wichita County; H. R. Wilson, Judge.

Action by Weaver Bros., a partnership, and others, against Frank L. Ketch, individually, as receiver of the Wichita Falls, Ranger & Fort Worth Railroad Company, and as administrator of estate of Jake L. Hamon, deceased, Frank Kell, and others. From judgment for plaintiff against defendant Ketch and another, as receivers, and defendant Kell, individually, with judgment over for defendant Kell against receivers and defendant Ketch, individually, and as administrator, the receivers appeal. Affirmed.

Carrigan, Montgomery, Britain, Morgan & King, of Wichita Falls, for appellants.

Weeks, Morrow & Francis and Bullington, Boone & Humphrey, all of Wichita Falls, for appellees.

BUCK, J. Weaver Bros., a partnership composed of T. L. and S. P. Weaver, and engaged in the lumber business at Shreveport, La., in 1921 sold to Hamon and Kell, an alleged partnership composed of Jake L. Hamon and Frank Kell, certain bills of lumber and building material for use in the construction of the Wichita Falls, Ranger & Fort Worth Railroad Company. The plaintiffs on March 21, 1922, sued for a balance alleged to be due on said account, amounting to $4,702.06, with interest, making Frank Kell, individually, J. W. Mitchell, and Frank L. Ketch, receivers of the railway corporation, the railway corporation itself, and Frank L. Ketch, administrator of the estate of Jake L. Hamon, deceased, and Frank L. Ketch, individually, parties defendant.

Upon trial, upon special issues, the jury found: (1) That the goods mentioned in plaintiffs' account were sold and delivered to Hamon and Kell, (2) that the value of said goods was $12,468.47, and that $4,740.72 was still due and unpaid; (3) that Kell and Hamon were jointly interested in the construction of the railway above mentioned for their mutual profit and with joint control of the undertaking.

Upon this verdict the court entered judgment for the plaintiffs against the receivers of the railway aforesaid, jointly and severally, and against Frank Kell individually, but further ordered that the suit as against the railway company and Frank L. Ketch, administrator of the estate of Jake Hamon, deceased, be dismissed without prejudice for want of service, and the plaintiffs take nothing against Frank L. Ketch individually. A judgment over in favor of Frank Kell and against the receivers was given with a stay of execution in favor of the receivers until the presentment of the claim had been made to said receivers, and they had refused it; also a judgment over in favor of said Kell against Frank L. Ketch as administrator of Jake Hamon, deceased, and against Frank L. Ketch individually. It was further ordered that the presentation of the claim should be made to the probate court wherein Frank L. Ketch is administrator of the estate of Jake L. Hamon, deceased. The receivers alone have appealed.

[1] Frank Kell has urged certain grounds for reversal of the judgment in favor of the plaintiffs below, his coappellees here, and against said Kell. We are of the opinion that, since said Kell filed no appeal bond, he cannot urge error against his coappellees. In Missouri Pacific Railway Co. v. Cheek (Tex. Civ. App.) 159 S. W. 427, 432, writ of error refused, the following is said:

"It therefore remains for us to determine whether we may properly consider the appellant's assignments of error. We have concluded we cannot do so. Rule 101 for district courts (142 S. W. 24) does not permit cross-assignments against a coappellee, but only against the appellant. The assignments made would not be sufficient to have the judgment reversed against the railway company. The Kansas City, Mexico & Orient has not appealed from the judgment against it; and, in order to entitle it to appeal from the judgment rendered against it, it must give an appeal bond or make the proper affidavit in lieu thereof. Horter v. Herndon, 12 Tex. Civ. App.

---

&⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

637, 35 S. W. 80; Railway Company v. Skinner, 4 Tex. Civ. App. 661, 23 S. W. 1001. This road, having failed to comply with reference to making an affidavit, is before this court only as an appellee, and, as appellee, it cannot cross-assign errors against its coappellee; it must and should therefore be treated as not complaining of the judgment against it. Gillespie v. Crawford, 42 S. W. on rehearing p. 625, and authorities cited."

See, also, Jones v. Burgett & Hickok, 46 Tex. 284, 293; Patterson v. Rogers, 53 Tex. 484, 488; De La Vega Heirs v. League, 2 Tex. Civ. App. 252, 21 S. W. 565. Therefore we conclude that appellee Kell's assignments directed against appellee Weaver Bros. must be overruled.

Appellants urge that the judgment against them is error, in that (1) the lumber was sold to Hamon and Kell in the summer of 1920; (2) the Wichita Falls, Ranger & Fort Worth Railway Company assumed on June 20, 1921, the payment of all the indebtedness incurred in the construction of the road, and is liable therefor; (3) that the receivers were not appointed until December 26, 1921.

[2] The general rule is that a receiver is not bound by the unperformed contracts of the party whose property is placed in a receivership, unless he has adopted them. Tardy's Smith on Receivers, vol. 1, p. 143, and cases there cited; Brown v. Warner, 78 Tex. 543, 14 S. W. 1032, 11 L. R. A. 394, 22 Am. St. Rep. 67; So. Exp. Co. v. Western N. C. Ry. Co., 99 U. S. page 199, 25 L. Ed. 319. But it is further held that the receivers are liable for improvements or betterments of the property of the corporation or person in the hands of a receiver, though such improvements or betterments were made prior to the receivership, where the property in the hands of the receiver has been enhanced in value by such improvements or betterments, and where the receiver has accepted the benefits thereof. In Howe v. Harding, 76 Tex. 17, 13 S. W. 41, 18 Am. St. Rep. 17, the owner of land granted the railway company a right of way over the land in consideration of the company's agreeing to take water from a spring belonging to him at a stipulated price. A receiver was appointed over the railway company's property, who continued to use the right of way, but refused to take and pay for the water. It was held that there was but one contract between plaintiff and the company, and that the receiver could not retain the use of the right of way and yet refuse to pay for the water, or at least pay for the value of the right of way.

In McIlhenny v. Binz, 80 Tex. 1, 13 S. W. 655, 26 Am. St. Rep. 705, it is said:

"The principle of implied consent laid down in Fosdick v. Schall, supra, seems to have been disregarded in the case of the Union Trust Co. v. Illinois, etc., Co., 117 U. S. 434, in which the receiver was not appointed at the instance either of bondholders or of their trustees, but the doctrine is still maintained that creditors who have labored, furnished supplies, made repairs or useful improvements in the operation, maintenance, and betterment of the railway, and who have been suddenly deprived of their remedies at law by the appointment of a receiver, are entitled to the equitable consideration of the court in the distribution of the assets of the company, and to priority in payment from the net income of the property while in the hands of the court.

"As to what is commonly known as operating expenses there is no difficulty, and so much is conceded in this case. The claims we now have under consideration are for construction of new road before the receiver was appointed and for material furnished for such construction. They accrued within six months before the appointment. It has been held that claims for construction, unless the work was done or the material furnished in pursuance of an order of the court, cannot be allowed priority. We may concede that as a general rule this is correct. But we think there may be construction claims which appeal as strongly to the conscience of a court of equity as the debts which are commonly known as operating expenses, and we further think we have such claims in those now under consideration."

In Trocon v. Scott City Northern Ry. Co., 91 Kan. 887, 139 Pac. 357, the Supreme Court of Kansas had before it a case where the promoters of a projected railroad, who had also organized a construction company to build the road, arranged with a trust company to take a mortgage on the projected line to secure certain bonds to be issued by the road, when organized, to the construction company, which was to build the road out of the money to be advanced from time to time as the work progressed. All of the three companies were in some degree interested and substantially understood the contemplated enterprise. The trust company furnished or procured the money to be furnished, and before the work was completed took charge of the disbursements. Some months after the contract was made for the building of the road the railroad company contracted with a bridge company to furnish the bridges for the entire line, the two promoters signing as guarantors, and the bridges were furnished and partially paid for. To recover the balance an action was brought against the railroad company, the construction company, the two promoters, and the trust company, in which action the receivers of the railroad company appeared and were made parties. Held, that the judgment of the trial court against the railroad company and adjudging such balance a preferential claim or lien against the property superior and paramount to the claims of the other defendants was proper.

In the case of First National Bank of Houston v. Campbell, 193 S. W. 197, the Galveston Court of Civil Appeals had before it a case in which a corporation, engaged in the business of irrigating rice lands, entered into a

verbal contract with the bank, by the terms of which the bank agreed to loan the irrigation company money to be used in the operation of its plant during the season of 1913, and the irrigation company agreed to secure the appellant in the repayment of the loan by a pledge of the notes and contracts obtained by it from the persons to whom it should furnish water during said season. In pursuance of this contract the irrigation company placed in the hands of the bank as security for the money to be advanced it under said contract all of the notes obtained from its water customers. After these notes were given, the bank began to make advances to said company of money required for the operation of its plant. Before any part of the money advanced was repaid to the bank the irrigation company was placed in the hands of a receiver. After the appointment, the receiver collected some of the notes pledged to the bank, and also collected a sum of money from various persons to whom the irrigation company had furnished water prior to the receivership, under a verbal or written contract, but from whom it had failed to obtain notes. Intervener set up a claim for fuel oil furnished the irrigation company to enable it to operate its plant, and specially claimed a lien upon the money collected from customers who had not given their notes. The Court of Civil Appeals, in an opinion by Chief Justice Pleasants, affirmed a judgment for the bank, giving it a preference lien on the moneys collected from the notes, and giving the Gulf Pipe Line Company, which had furnished the oil, judgment for its debt, and a preference lien upon the moneys collected by the receiver from the customers who had not given notes. In other words, the case holds that a creditor furnishing current supplies to a quasi public or public service corporation to keep it a going concern is entitled to priority of payment therefor over other unsecured creditors out of funds in the hands of the receiver, earned prior to the receivership.

[3] There are certain decisions apparently contrary to the holding in the Bank v. Campbell Case, supra, such as Gulf Pipe Line Co. v. Lasater (Tex. Civ. App.) 193 S. W. 779, writ of error refused by the committee of judges, in which it was held that persons, prior to the receivership, furnishing oil and fuel to a corporation, and not fixing a statutory lien on the property, have no right of action against the receiver. But we have finally concluded to allow the judgment to stand as against the receivers.

In McIlhenny v. Binz, supra, the Supreme Court held, quoting from the syllabus:

"Milby & Dow held two claims against the railway company which were for coal furnished for operating its road, one of date December, 1884, and the other January, 1885; the one a little more and the other a little less than six months prior to the appointment of the receiver. There was no circumstance disclosed showing laches as to the one claim more than as to the other. The rejection of priority therefore to the older claim was improper."

In so deciding, we are not determining the question as to whether or not the plaintiffs below had an equitable lien upon the property of the corporation to secure their debt, which question we do not feel called upon to decide. In Simpkins on Equity, pp. 336, 337, an equitable lien is defined as "the right to subject a particular piece of property, or a particular fund, or a part thereof, to the satisfaction of a money demand, and the intention may be expressed, or it may arise by a necessary implication from the terms of the agreement itself construed with reference to the situation of the parties and attendant circumstances when the contract was made," citing authorities. "But the facts must support an intention, as where 'A,' lends money to 'B,' to buy land, no lien arises to secure the loan. Ruhl v. Kauffman, 65 Tex. 736; McCarty y. Breckenridge, 1 Tex. Civ. App. 180, 20 S. W. 997. But contra, if loaned to discharge a lien, if understood that a lien was to be created to secure the loan. Johnson v. Portwood, 89 Tex. 235, 248, 34 S. W. 596, 787, and cases cited; Hicks v. Morris, 57 Tex. 658."

Hence the judgment below must be affirmed.

[4] It is somewhat peculiar that a judgment was entered in favor of Kell over against Ketch as administrator and individually to reimburse Kell for any sums paid out by him in satisfaction of the judgment against him, and yet the judgment dismisses the cause against Ketch as administrator, and gives a judgment in favor of defendant Ketch individually. Probably this peculiar situation arose by some agreement between Kell and Ketch, of which we are not advised in the record. Since no complaint is made of the judgment in this respect, we do not feel called upon to further consider it or to attempt to reform it. It appears from the record that Ketch answered both as administrator and individually, and apparently the court had jurisdiction over him as administrator of the estate of Hamon to authorize a judgment against him in that capacity. But probably the claims had not been submitted to him as administrator for payment or rejection and hence the trial court decided that he was not in court in such a way as to authorize a judgment for plaintiffs against him as administrator.

The judgment is affirmed.

On Motion for Rehearing.

[5, 6] It is urged in the motion for rehearing that the only testimony showing that the material was furnished for building the railroad was the hearsay statement of witness R. B. Goode, and that hearsay evidence is inadmissible to establish said fact, citing

Southern Surety Co. v. Nalle & Co. (Tex. Com. App.) 242 S. W. 197. The case cited is not as to the probative force of hearsay testimony admitted without objection, but as to the binding effect of statements made by a person who had been acting as agent of the surety company, but who, at the time he made the statements quoted, the Commission of Appeals held was not so acting, and that therefore his former principal could not be bound thereby. Hearsay evidence admitted without objection is not without probative force. Gray v. Fussell, 48 Tex. Civ. App. 261, 106 S. W. 454, citing Wigmore on Evidence; Daniel v. Harvin, 10 Tex. Civ. App. 439, 31 S. W. 421; W. U. Tel. Co. v. Hirsch (Tex. Civ. App.) 84 S. W. 394; Harvey v. Comegys (Tex. Civ. App.) 233 S. W. 601. But we do not think the fact that the material was so used is dependent entirely on hearsay evidence. In the first place, the record shows that the lumber, principally railroad ties, was sold to Hamon & Kell at a time when they were building the Wichita Falls, Ranger & Fort Worth Railway. Later said railway company assumed the payment of the balance due on the debt. Letters from Frank Ketch and Frank Kell show that fact, as well as the testimony of Kell himself, and a copy of the resolution of assumption and the testimony of H. A. Coomer, auditor of Hamon & Kell and of the railroad company. We think the evidence is ample to sustain that conclusion.

[7] It is urged that in the instant case our conclusions are in conflict with the holding of the Court of Civil Appeals of the Fifth District in Gulf Pipe Line Co. v. Lasater et al., 193 S. W. 773, 779. If such conflict exists, the appellant here can appeal by writ of error to the Supreme Court. We are not certain that any conflict exists, but, if so, the appellant has his remedy. Hence the motion for rehearing and also the motion to certify are overruled.