## BEARD v. SMITH et al.

### No. 10915.

Court of Civil Appeals of Texas. Galveston.

Jan. 25, 1940.

Rehearing Denied Feb. 15, 1940.

McComb & Davis, of Conroe, for plaintiff in error.

Geo. N. Lusch, of Houston, for defendants in error.

CODY, Justice.

As will appear from the docket number of this case in this court, this is the writ of error suit prosecuted by Covey A. Beard, receiver, from the default judgment cancelling a certain oil, gas and mineral lease, and awarding damages,—which is referred to in our opinion delivered in the proceeding styled Smith et al. v. Rogers, District Judge, et al., reported in 129 S.W.2d 776, wherein we declined to issue a writ of prohibition against the prosecution by Covey A. Beard, receiver, of a bill of review attacking the default judgment—which default judgment the said receiver seeks in this proceeding to have reversed.

Before 11 o'clock the morning of June 21, 1938, which was appearance day, the appearance docket was called, and this default judgment was taken, and the evidence on the issue of damages heard. This we necessarily infer, because the clerk of the court received and filed plaintiff in error's answer on the same day said judgment was taken, and indorsed on said answer, "Received at 11:00 A. M. 6/21/38."

As indicated, the default judgment cancelled a certain oil, gas and mineral lease, and awarded plaintiffs in judgment damages. The lease so cancelled was given by Eleanor T. Smith, the surviving widow of W. T. Smith, deceased, on a tract of land in Grimes County, on January 22, 1923, which was some fourteen years before Covey A. Beard was appointed receiver. The judgment for damages appears to have been awarded on the basis of the rental. value of the oil rights in the land since January 22, 1923, at the rate of $1 per acre per year. The answer of the receiver, which, as just stated, was filed by the clerk after default judgment was rendered, consisted of a disclaimer, and, subject to such disclaimer, the answer consisted of a general denial, and a plea of not guilty of the wrongs and trespasses alleged in plaintiffs' petition.

On October 22, 1938, defendants in error caused an alias execution to be issued on the default judgment to the sheriff or any constable of Montgomery County, which is the county where the receiver resides, and the county the district court of which appointed him receiver in June, 1937. This alias execution was levied on November 8, 1938, on certain property in Montgomery County, which was advertised for sale on December 6, 1938, but the sheriff's return shows that the sale was not made because plaintiffs' attorney requested the writ be not further executed, and the return was filed in court on December 15, 1938; and on December 19, 1938, the receiver applied for writ of error.

In the recent case of Craddock v. Sunshine Bus Lines, Tex.Com.App., 133 S.W.2d 124, 126, the Supreme Court sanctions this rule: "A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided the motion for a new trial sets up a meritorious defense and is filed at

a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff. This is a just rule. It prevents an injustice to the defendant without working an injustice on the plaintiff." Of course the quoted rule is for the guidance of the trial court, and is not applicable unless it has been invoked there. But had plaintiff in error applied seasonably in the trial court to have the judgment set aside, there seems to have been no basis to refuse such application. For the record in this case indicates that there was no intention on the part of the receiver not to answer in the cause, and the purpose to disclaim any interest in the lease, and to deny any responsibility for damages in connection therewith, is manifested by the receiver's answer. And it would seem somewhat difficult to hold a receiver, who was only appointed as such in 1937, liable for damages in connection with a lease, in which he disclaimed any interest, which damages are alleged to have accrued for the greater part prior to his appointment, and which for the greater part were subject to the plea of limitation. Indeed, if under the law and the facts the receiver was liable for the damages sued for, it was his duty in the preservation of the properties over which he was appointed receiver to plead the statute of limitations in bar. However that may be, this is an attack by the receiver against the judgment of the trial court by writ of error; and as the judgment was by default, the trial was ex parte, it will only be for errors apparent on the face of the record as so made, that the judgment will be reversed. The test, as we understand it, to be applied in this case is: (1) Are the allegations of the petition, if they were proved, sufficient to support the judgment rendered. (2) Is the proof admitted at the trial sufficient to support the allegations. And, of course, if there was a want of necessary parties, no binding judgment could be rendered.

In substance the allegations of the petition, which cover some 14 pages of the transcript, boil down to this: That defendants in error, Mrs. Smith and her twelve children, one or more of whom were minors in 1922 (but none of whom joined in executing the lease, nor did she purport to bind their interests), were the fee-simple owners of the land subjected to the lease in 1923, at the time the lease was given. That at such time a trust estate, the Empire Lease & Royalty Company, acting through trustees, agents and employees, by false and fraudu-

lent and material representations induced Mrs. Smith, who was unable to read or write, to execute the oil lease in question. That said trustees, etc., represented among other things that the lease was only a five-year lease, whereas it is by its terms a twenty-year lease, which provides that if production has not been obtained in five years of the date the lease was executed, the lessee is bound to release the leased premises upon demand being made therefor. That there had been no exploration for oil on defendants in error's land, and that defendants in error have demanded of the receiver that he release said land, and tendered him a release which he declined to execute. And that defendants in error have been wrongfully deprived of the rental value of the land in question for oil purposes since January 22, 1923, at the rate of $300 per year, and thus damaged $4,000. The allegations bearing on the appointment and powers of the receiver are these: "VIII. The Receiver, Covey A. Beard, has been appointed receiver in Texas for all the assets of the Empire Lease and Royalty Company, a Trust Estate, and has authority thereunder to sue and defend all litigation regarding the assets of the Trust Estate, and therefore plaintiffs are suing him for a cancellation of this lease in that capacity."

Defendants in error's proof of the authority of the receiver is an uncertified, unsigned instrument which was testified to be an order of the district court of Montgomery County in said Vineyard v. Mellon case appointing Covey A. Beard receiver. This instrument is dated August 20, 1937, and recites:

"And it further appearing that on June 15, 1937, upon the presentation of petition of the plaintiff to the court, that Covey A. Beard was appointed receiver of said trust estate for the purpose of taking charge of the property of said trust estate which is involved in a certain law suit in Brazoria County, Texas, entitled Empire Lease & Royalty Co., Ltd., v. Jay Simmons, et al., pending a hearing on plaintiff's petition for a receiver of all the property of the Empire Lease & Royalty Co. as trust estate; and it further appearing that the said Covey A. Beard has made the required bond and qualified as such receiver;

"It is therefore ordered by the court that the receivership heretofore granted, be extended to include all of the assets of the Empire Lease & Royalty Co., a trust estate, and that Covey A. Beard, of the County of

Montgomery, State of Texas, be and he is hereby appointed receiver of all the assets of the Empire Lease & Royalty Co., a trust estate, and that he take immediate possession and charge of all such properties with full authority to demand possession of the same and to enter suit against any and all parties having possession of any of the assets of said trust estate with full authority to defend any and all law suits brought against said trust estate and brought to his attention, especially that of Ethel Florence Moore, et al. v. S. W. Mellon, Jr., et al.; No. 27362 on the docket of the District Court of Brazoria County, Texas, and to compromise any such law suit and generally to manage the property of such trust estate *subject to the further orders of this court.*"

■■ The only allegation made by defendants in error with reference to the authority of the receiver is that the receiver "has authority to sue and defend all litigation regarding the assets of the Trust Estate * * *." They made no allegation that the receiver had authority to make releases such as defendants in error contend the receiver should have made. We believe the petition, so far as it sought damages against the receiver on the score that the receiver did not release the property on demand, was subject to a general demurrer, because it was not alleged that he had authority to do so. Brown v. Warner, 78 Tex. 543, 14 S.W. 1032, 11 L.R.A. 394, 22 Am.St.Rep. 67. And certainly the proof offered failed to show that the receiver was given any such authority. The closing words of the order of appointment, which we have italicized, shows that the court gave no such authority to the receiver, but retained it. The following letter was introduced in evidence by defendants in error to show that the receiver refused to make the release upon demand. It merely proves that the receiver indicated the matter of a release had to be referred to the action and decision of the court.

"Replying to your letter of March 1st, about the Eleanor Smith lease in Grimes County, it is my understanding that the court is not authorizing the receiver to make voluntary releases in the early stages of the proceedings to reduce to possession the assets of the Empire Lease and Royalty Company. However, in the end of the litigation such may be done, I do not know.

"If you care to submit to the receiver a proposition to settle the matter by releasing most of the lease and validating the other portion for the balance of the term, I will be glad to submit the same to the court.

"It would appear to me that a validation of 20 acres would be sufficient consideration to justify the court in authorizing the receiver to release the balance.

"This is other people's property, you understand, and the court is hardly authorized to give it away because the real owner might claim that he should not have done so.

"If you will submit this proposition, I will promptly attend to the same."

As the judgment of the trial court must be reversed for the reasons given, we will not pass on plaintiffs in error's other assignments of error.

Judgment reversed, and cause remanded.

Reversed and remanded.